[No. 28011. Department Two. December 9, 1940.]

THE LEAVENWORTH STATE BANK, *Respondent*, v. S. P. BEECHER, *Appellant*.[1]

[1]Reported in 108 P. (2d) 345.

*LeRoy McCann,* for appellant.

*Herman Howe,* for respondent.

BEALS, J.—The Leavenworth State Bank, a corporation, filed its complaint against defendants S. P. Beecher and Katherine C. Parker, declaring upon Mr. Beecher's· note for fifteen thousand dollars, dated April 13, 1928, asking for judgment against Mr. Beecher on the note, together with later notes signed by Mr. Beecher, also asking for foreclosure of a mortgage bearing even date with the note, given to secure the indebtedness sued for. Katherine C. Parker was named as a defendant under the allegation that she claimed a lien on certain of the mortgaged property, which lien was subject to plaintiff's claim. After the commencement of the action, it was stipulated between plaintiff and Katherine C. Parker, acting through their respective counsel, that the latter's lien was generally inferior to that of the plaintiff, and on this appeal no question arises concerning the rights of defendant Parker.

As to defendant Beecher, the complaint alleged that, as further evidence of the indebtedness secured by the mortgage, Mr. Beecher had from time to time executed and delivered to plaintiff his promissory notes in lesser amounts than the note above referred to, together with renewals of such lesser notes, and that certain amounts specifically alleged were due upon these notes.

Apparently, these notes last mentioned were included in the indebtedness covered by the fifteen thousand dollar note, which evidently represented a line of credit to be accorded by plaintiff bank to Mr. Beecher, and was referred to as "the master note." Judgment was demanded against Mr. Beecher for the sum of $14,611, on account of principal due, together with certain amounts of interest, and an attorney's fee. It was also asked that the mortgage securing the indebtedness be foreclosed.

Defendant Beecher answered the complaint, admitting the execution of the fifteen thousand dollar note and the mortgage securing the same. He also admitted the execution and delivery of all the other promissory notes referred to, admitted liability on one in the sum of five thousand dollars, but denied that any interest had been paid on the other notes, which had been executed subsequent to April 13, 1928. He also denied that plaintiff was the owner and holder of the promissory notes, save the original note for fifteen thousand dollars and the note for five thousand dollars, and denied some other allegations contained in the complaint.

As an affirmative defense, defendant Beecher alleged that the mortgage was executed solely as collateral security for the payment of notes, of which the notes executed subsequent to the date of the mortgage were renewals, and that these notes, always excepting the five thousand dollar note, had been by plaintiff sold, and endorsed to the respective purchasers without recourse. Defendant further pleaded that these notes were, in fact, barred by the statute of limitations, but that plaintiff, after selling the notes without recourse, had in some manner reacquired the same, and without authority from defendant, and contrary to his instructions, had fraudulently applied to the payment of interest

thereon certain moneys belonging to defendant, for the purpose of tolling the statute of limitations, and that the moneys which plaintiff bank had applied on these notes pursuant to the agreement between plaintiff and defendant should have been applied on the five thousand dollar note owned by plaintiff. Defendant prayed that plaintiff be allowed no judgment save for the amount due on the five thousand dollar note.

Plaintiff having replied, denying the affirmative allegations in defendant's answer, the case was tried to the court, resulting in findings of fact and conclusions of law in plaintiff's favor, followed by a decree awarding plaintiff judgment against Mr. Beecher for the sum of $21,512.96, together with five hundred dollars by way of an attorney's fee, and costs of suit. Plaintiff's mortgage was also foreclosed, and plaintiff awarded judgment for any deficiency remaining unpaid after the application to the judgment of the proceeds of the mortgaged property. From this decree, defendant Beecher has appealed. Appellant does not question the amount of the judgment, save as he contends that some of the notes upon which recovery was allowed were barred by the statute.

Error is assigned upon the refusal of the court to sustain appellant's contentions as to the amount due respondent from appellant; upon the granting of judgment against appellant for any sum in excess of five thousand dollars, together with certain interest and taxes paid; upon the denial of appellant's motion for judgment in his favor notwithstanding the court's decision; and upon the overruling of appellant's motion for a new trial.

It appears that the fifteen thousand dollar note and mortgage represented simply a line of credit granted to appellant by respondent bank, and were intended as collateral security for notes representing actual

loans then due, and to cover also renewals and subsequent advances. Payments made by appellant were apparently endorsed on the note, which bears credits for each year after its date, with the exception of two. From a strictly legal standpoint, the financial relations of the parties are confused. It is not necessary here to determine the precise basis of appellant's indebtedness to respondent.

Appellant, upon receiving actual advances, gave new notes, and at the date of the institution of this action, there were six such notes outstanding, the largest for five thousand dollars, the others from $2,800 down to $311.11. The five smaller notes had been by respondent assigned without recourse to third parties, these notes, however, being still secured by the fifteen thousand dollar note and mortgage, no interest in which was assigned by respondent to the endorsees of the notes. Appellant never had any dealings with these endorsees, save that, on one occasion, an agent of the holders of the notes looked over appellant's orchard.

It appears that, during the year 1937, the then existing five thousand dollar note in favor of respondent was renewed by a note in the same amount, which was antedated September 1, 1936, this note being one of those referred to in respondent's complaint as a portion of its cause of action. Appellant admits his liability upon this note, but contends that the other five notes above referred to are barred by the statute of limitations. For some time prior to the institution of this action, two of these notes were owned by a Seattle bank, and three by an Iowa bank. According to testimony introduced by respondent, these notes, prior to the institution of this action, were reassigned to respondent for collection.

During the year 1936, while the five notes were owned by third parties, it was agreed between the

parties to this action that a portion of the proceeds of appellant's 1936 apple crop should be applied on account of appellant's indebtedness to respondent. As a portion of this agreement, respondent wrote appellant a letter, bearing date September 19, 1936, reading in part as follows:

"In accepting the $5,000.00 crop mortgage from you today it is our understanding that the funds are to be distributed on a pro rata basis as we receive them—20 per cent to the Federal Land Bank, 20 per cent to the Leavenworth State Bank, 20 per cent on taxes, 20 per cent on machinery mortgages, or contracts, and 20 per cent on the Miller machinery mortgage."

During the first part of the year 1937, respondent, having received some cash belonging to appellant, appropriated, out of the twenty per cent allocated to it, six hundred dollars to the making of payments upon the five notes, remitting to the owners thereof amounts to be credited upon each note. Appellant contends that, in sending this money to the owners of the notes, to be endorsed thereon, respondent acted without any authority, that he never ratified or confirmed the making of these payments, and that consequently the payments did not have the effect of tolling the statute of limitations upon the five notes. In this connection, appellant vigorously contends that he intended the portion of the proceeds of his 1936 apple crop which was allocated to respondent under the agreement above referred to, to be applied upon his five thousand dollar note, then and always owned by respondent.

The evidence clearly shows that appellant knew that the five notes were held by parties other than respondent, but apparently the owners of the notes had never made any demand directly upon appellant for payment thereof.

Appellant testified that, during the month of June, 1937, he for the first time learned of the application

of his six hundred dollars as payments on the five notes, and that he at once vigorously protested to the president of respondent bank and insisted that the money be applied on the five thousand dollar note. He testified that he then for the first time learned that respondent bank claimed to be acting as the agent of the owners of the five notes. He demanded from respondent a statement of his account, which he received, again protesting the payments on the five notes and demanding information concerning the holders thereof. Appellant also testified that he protested to respondent's attorney, and demanded from him the names and addresses of the owners of the notes.

Robert B. Field, the president of respondent bank, testified that appellant had authorized him to make certain payments on the five notes out of the funds which the bank received for appellant's credit, and that the witness and appellant had frequently discussed these notes in the course of their conversations concerning appellant's business affairs and his indebtedness to the bank. The testimony of appellant on one hand, and that of Field on the other, is directly in conflict. No other witnesses testified. The findings and decree are amply supported by Mr. Field's testimony, which the trial court evidently believed.

Respondent at all times held what Mr. Field referred to as the master note for fifteen thousand dollars and the mortgage securing the same, which stood as collateral security for payment of all of appellant's notes, including the five notes originally payable to respondent and which respondent had assigned. By the agreement which the parties made in the summer of 1936, respondent was to appropriate to appellant's indebtedness twenty per cent of the money which the bank received as the proceeds of the 1936 crop. The letter which respondent wrote appellant does not indicate

the manner in which this twenty per cent was to be allocated.

 Appellant in his answer pleaded the bar of the statute. In the case of *Paul v. Kohler & Chase*, 82 Wash. 257, 144 Pac. 64, this court said:

"While the plea of the statute of limitation is not now regarded by the courts with the disfavor with which it was once regarded, still the courts will not now indulge in any presumptions in its favor. The bar must clearly appear on the face of the complaint, or it must be clearly pleaded and proven by a preponderance of the evidence that the bar exists, before it will be recognized as a defense to an action."

 The burden then rested upon appellant to prove by a preponderance of the evidence that the payments made and credited upon the five notes, upon which appellant claims he is no longer liable, were made without lawful authority, that he is not bound thereby, and that, for this reason, the entire period of statutory limitation had run as against these notes prior to the commencement of this action. It seems clear that respondent bank was at all times the agent of its assignees, to whom it had sold the notes. If the evidence introduced by respondent is true, appellant authorized or ratified these payments. The trial court determined the issues in favor of respondent, and as to disputed questions of fact, the evidence amply supports the findings and decree in respondent's favor.

Finding in the record no error in determination of questions of facts or of law, the decree appealed from is affirmed.

BLAKE, C. J., MILLARD, SIMPSON, and JEFFERS, JJ., concur.