## In re BEECHER.
### No. 7848.

District Court, E. D. Washington, N. D.
June 22, 1943.

Herman Howe, of Seattle, Wash., and C. D. Randall, of Spokane, Wash., for Leavenworth State Bank.

Henry R. Newton, of Spokane, Wash., for Federal Land Bank of Spokane.

S. P. Beecher, of Peshastin, Wash., pro se.

SCHWELLENBACH, District Judge.

This is a farm-debtor proceeding under the so-called Frazier-Lemke Act, 11 U.S. C.A. § 203. It has been pending in this court since July 31, 1939. Since January 8, 1941, I have heard many applications by the farm-debtor and have entered a large number of orders in these proceedings. From thirty-one of those and other orders farm-debtor is now appealing. During the course of the preparation of the record upon appeal, a question has arisen concerning the recital proposed by the farm-debtor as to the proceedings in this court on October 8, 1942. Certain of the creditors contend that the recital as proposed by the farm-debtor is incorrect. They have petitioned that I correct the record as to the proceedings upon that date and have proposed a narrative statement which they ask me to certify as being the correct statement as to what occurred. The farm-debtor objects to my considering the creditor's petition. His objection is in the form of what he calls an Affidavit of

Prejudice which he filed in this court on May 19, 1943. The so-called affidavit reads as follows:

"To the Honorable Judge of the District Court for the Eastern District of Washington, Northern Division.

"Now comes your petitioner the Farm Debtor above named and respectfully petitions the Court, That all further matters in the above entitled proceedings be heard by another Judge.

"The Courts increasing hostile attitude and manner towards your petitioner, has forced upon me the belief that a fair and unbiased mind towards me and my affairs cannot be had by the present Judge, and that a fair presentation of the matters involved from the standpoint of the farmer will not be allowed.

"The many unfair and uncomplimentary remarks from the Court at numerous times are not such as would come from a Judge of open mind, and your petitioner feels that for the best interests of the Farmer and all the creditors another Judge should act as to all further matters that may come before the Court.

"Wherefore your petitioner prays that his prayer be granted.

"Dated this 18th day of May 1943.
"(Signed)  S. P. BEECHER
"S. P. Beecher,
"Farm Debtor,
"Peshastin, Washington."

It will be noted that the farm-debtor has not sworn to the affidavit nor is there attached thereto any certificate of counsel to the effect that the affidavit and the application are made in good faith. The latter omission probably is not fatal because the farm-debtor has not been represented by counsel since November 8, 1942. The applicable statute is 28 U.S.C.A. § 25, which reads: "Whenever a party to any action or proceeding, civil or criminal, shall make and file an affidavit that the judge before whom the action or proceeding is to be tried or heard has a personal bias or prejudice either against him or in favor of any opposite party to the suit, such judge shall proceed no further therein, but another judge shall be designated in the manner prescribed in section 24 of this title, or chosen in the manner prescribed in section 27 of this title, to hear such matter. Every such affidavit shall state the facts and the reasons for the belief that such bias or prejudice exists, and shall be filed not less than ten days before the beginning of the

term of the court, or good cause shall be shown for the failure to file it within such time. No party shall be entitled in any case to file more than one such affidavit; and no such affidavit shall be filed unless accompanied by a certificate of counsel of record that such affidavit and application are made in good faith. The same proceedings shall be had when the presiding judge shall file with the clerk of the court a certificate that he deems himself unable for any reason to preside with absolute impartiality in the pending suit or action."

So far as we are concerned with the present problem of correcting the record on appeal, the affidavit must be ignored regardless of what it contains or its form. It is inconceivable that a party, feeling himself aggrieved by the rulings of a judge, could appeal from those rulings, prepare an incorrect and inaccurate statement of the record and then prevent the opposing parties from having the record corrected by filing an affidavit of prejudice against the only judge who could correct them. The law has taken no such peculiar quirks as that. The affidavit of prejudice statute was not intended to enable a litigant "to paralyze the action of a judge who has heard the case, or a question in it, by the interposition of a motion to disqualify him * * *". Ex parte American Steel Barrel Co., 230 U.S. 35, 43, 33 S.Ct. 1007, 1010, 57 L.Ed. 1379.

However, since whatever occurs in the Circuit Court of Appeals these proceedings must come back to this court to be handled, it is necessary to pass upon the affidavit insofar as it attempts to prevent me from further considering the problems which may arise. The so-called affidavit or petition must be denied.

In the first place, it isn't an affidavit as required by the statute. The absence of an oath takes it out of that category. Ballentine, in his Law Dictionary, defines an affidavit as "any voluntary ex parte statement reduced to writing and sworn to or affirmed before some person legally authorized to administer an oath or affirmation." See, also, 1 R.C.L. 761, and Amtorg Trading Corporation v. United States, Cust. & Pat. App., 71 F.2d 524, 529; United States v. Glasener, D.C., 81 F. 566; Robinson, Theime & Morris v. Whittier, 112 Wash. 6, 191 P. 763.

The "Affidavit of Prejudice" is further defective in that it fails to set

forth any facts or conclusions from which it could be judged that I have a personal bias or prejudice against the farm-debtor or in favor of any opposite party to the suit. "The statute requires that the bias or prejudice be 'personal.' * * * The plain purpose of the statute 'was to afford a method of relief through which a party to a suit may avoid trial before a judge having a personal bias or prejudice against him or in favor of the opposite party. That sought to be relieved against is a personal bias or prejudice—a bias or prejudice possessed by the judge specifically applicable to or directed against suitor making the affidavit or in favor of his opponent.' Appellant's allegations reveal that 'the facts and reasons advanced in support of the charge of bias and prejudice do not tend to show the existence of a personal bias or prejudice on the part of the judge toward petitioner but rather a prejudgment of the merits of the controversy * * *." Price v. Johnson, 9 Cir., 125 F.2d 806, 811. See, also, Wilkes v. United States, 9 Cir., 80 F.2d 285, 288; Sacramento Suburban Fruit Lands Co. v. Tatham, 9 Cir., 40 F.2d 894; Walker v. United States, 9 Cir., 116 F.2d 458. " 'Personal' is in contrast with judicial; it characterizes an attitude of extra-judicial origin, derived non coram judice. 'Personal' characterizes clearly the prejudgment guarded against. It is the significant word of the statute. It is the duty of a real judge to acquire views from evidence. The statute never contemplated crippling our courts by disqualifying a judge, solely on the basis of a bias * * * against wrongdoers, civil or criminal, acquired from evidence presented in the course of judicial proceedings before him." Craven v. United States, 1 Cir., 22 F.2d 605, 607.

If the farm-debtor were represented by counsel, I would not discuss the so-called "affidavit of prejudice" further. Since he is not so represented and in order to make clear that my conclusions are in no sense exclusively based on any technical requirements of the statute, I will discuss briefly what has occurred in this matter. The rental and stay order, signed by the Conciliation Commissioner, was dated April 30, 1940, but not filed until May 24, 1940. From that order, the farm-debtor did not seek a review. However, a creditor, the Leavenworth State Bank, did petition for a review. The petition for review was heard by the Honorable John C. Bowen,

sitting as judge of this court, on August 29, 1940. He considered the evidence taken before the Conciliation Commissioner, heard the arguments of counsel, required the submission of briefs, had the matter reargued orally on November 2, 1940, and on that date signed an order confirming and ratifying all of the rental and stay order except amending it so as to permit a payment of rental semi-annually instead of annually. No appeal was taken from that order. Instead, the farm-debtor, on November 30, 1940, filed a motion for rehearing and review. That motion was presented to me on January 9, 1941. I denied that motion for the reason that the record disclosed extremely careful consideration of the petition to review by Judge Bowen and further showed that this farm-debtor was not entitled to attack the order of Judge Bowen for the reason that he had never filed a petition to review the Conciliation Commissioner's order of April 30, 1940.

Since that date, the farm-debtor has filed many motions and petitions. The record on appeal contains 579 closely typewritten pages. No good purpose would be served in attempting to delineate all of them. Many of them have been for the purpose of obtaining funds for operations by making loans on the crops to be produced. Almost without exception such motions have been granted. The other motions have been variously styled, but the ultimate objective of each of them was to nullify Judge Bowen's order of November 2, 1940, so as to set aside the order of the Conciliation Commissioner of April 30, 1940; in other words, so as to extend the time during which the farm-debtor could receive the benefits of the Act beyond the three year period contemplated by the statute. During the time this matter has been pending, I have held many hearings and heard many arguments. I have attempted to be patient and courteous with the farm-debtor. I have consistently refused, however, to sign any order which would nullify or modify Judge Bowen's order. I have signed a number of orders for the benefit of the farm-debtor. Of these, he has made full use. I have signed some orders requiring certain things to be done by the farm-debtor. These he has consistently refused to obey. He has never paid any rental. He has never made any proper accounting. Every request or demand made of the farm-debtor either by me or by his

creditors has been met with the same answer to the effect that no proper stay order was ever entered and, therefore, he need not in any way comply with any of the provisions of the statute or any orders of the court. At long last he has appealed not only from all of my orders but, also, from any orders that may have been entered by Judge Bowen or Judge Black or the Conciliation Commissioners.

In answer to the allegations of the so-called "Affidavit of Prejudice," I will state that I do not believe that I have been or am now in any way prejudiced against this farm-debtor. I have become impatient with him many times. I have told him on several occasions that, if he would spend half the time working on the farm that he spends preparing motions and petitions and making arguments in court, he would have no need of the benevolent provisions of the Frazier-Lemke Act. I have told him on a number of occasions that he was just wasting his time trying to get me to modify Judge Bowen's order of November 2, 1940. I have told him that I never dreamed, as a member of Congress when I voted for this legislation, that it was intended for the benefit of one who would ignore the orders of the court as persistently as he did. Aside from that, nothing has been said to Mr. Beecher but of an entirely friendly and cooperative nature. Any prejudice that I have in the matter is not against the farm-debtor personally but is against the tactics he has displayed in his effort to take an undue advantage of the provisions of the farm Bankruptcy Act.