## BEECHER v. LEAVENWORTH STATE BANK et al.

### No. 12084B.

United States Court of Appeals
Ninth Circuit.

Sept. 14, 1950.

See also 184 F.2d 506.

S. P. Beecher, in pro. per.

Henry R. Newton, Spokane, Wash., for appellee Fed. Land Bank of Spokane.

C. D. Randall, Spokane, Wash., and Herman Howe, Seattle, Wash., for appellee Leavenworth State Bank.

Before DENMAN, Chief Judge, and STEPHENS and ORR, Circuit Judges.

DENMAN, Chief Judge.

Beecher appeals from the order of the court affirming the order of the Conciliation Commissioner entered on June 25, 1947, fixing his rent pursuant to § 75, sub. s of the Bankruptcy Act.[1]

Appellees have not appealed from this order, and the question before us is whether it has error prejudicial to Beecher.

Beecher assigns several errors in the following provisions of the rent order:

"From all the evidence admitted the Commissioner finds that the usual, customary rental of the property described in

1. 11 U.S.C.A § 203, sub. s.

paragraph I(a) hereof in the community where said property is located, based upon the rental value, net income and earning capacity of the property, is 40% of the net proceeds derived from the property each year to be paid to the Commissioner as rental."

\*    \*    \*    \*    \*    \*

It is ordered that S. P. Beecher, debtor herein, pay for the use, occupancy and possession of the following property: [the orchards] during the period of 3 years beginning May 12, 1946, 40% of the net proceeds realized from the sale of all fruit or other crops raised and harvested on said property during each year of said term.

"It is further ordered that 'net proceeds' is the total sum realized from the sale of fruit or other crops raised on said property after first deducting all sums necessarily expended by the debtor to pay the actual costs of operating, maintaining and preserving the orchards thereon, including the usual and necessary costs of spraying, pruning, cultivating, fertilizing, thinning, and the actual and necessary costs of harvesting and marketing the fruit and other crops raised thereon."

A. Beecher claims error in that the net rent formula requires as a deduction from the receipts of sales of his orchards' fruit, the expense of maintenance and preservation of the orchards, and that this constitutes the "upkeep" of the orchards which is required by § 75, sub. s (2) to be paid by the creditors.

Undoubtedly the yearly pruning, spraying, cultivating, fertilizing and thinning, while in part properly chargeable to operating expense, also contribute to the upkeep of the orchard. Without such upkeep expenditure by Beecher the trees may die. It is conceivable that in a low price year for the sale of the orchard crop the receipts would be less than the expenditure and the sole effect of the season's operation be to preserve the property. Ultimately the court will have to make a segregation of such expenditures as are attributable to upkeep and payable from rent.

However, the deductions of the cost of these five items makes the amount of rent payable by him less than if they had not been deducted. Beecher cannot claim this is prejudicial error, for *after* the rent is paid for the benefit of creditors he is entitled to have paid him that portion of these expenditures attributable to upkeep. See § 75, sub. s (2). Since, as seen, the creditors have not appealed, the rental order must be affirmed so far as concerns Beecher's contended error as to its annual amount.

B. Beecher contends there is error in the provision of the order that the rent shall be paid "during the period of three years beginning May 12, 1946," since it would require a rental from him for the crop year 1946 and the stay order was not entered by the clerk of the district court until June 26, 1947, pursuant to our holding in Beecher v. Leavenworth State Bank, 9 Cir., 160 F.2d 294, 296.

We agree that Beecher owes no rent for the year 1946, prior to the entry of the stay order on June 26, 1947, as we have held in Beecher v. Federal Land Bank, 9 Cir., 153 F.2d 982, 985. The rental order was properly made the day before the stay order, in anticipation thereof.

C. With respect to the rent for the crop year 1947, it is apparent that Beecher occupied the land as the rent-paying tenant for only the part of that year after June 26, 1947, before which time Beecher had expended a large part of the items of fertilizing, plowing, spraying and thinning. The Conciliation Commissioner made no finding as to the usual and customary rental of the property for the part of the crop year after June 26, 1947. The order is set aside so far as concerns the rental for that crop year. The rent should be determined with reference to the factors of expenditure before and after June 26, 1947, and other relevant factors.

D. Beecher next advances the contention that the rent order should have made provision for an allowance of living expenses to be charged as a cost of operation. We find no provision in the Act for such a charge. For performing labor he is entitled to compensation out of the crop sales in so far as it contributes to the crop

504

product and out of the rent paid in so far as such labor contributes to the upkeep of the property. Such compensation here well may exceed Beecher's living expenses.

The remaining contentions of appellant with regard to the validity of the rental order are without merit.

We affirm the Conciliation Commissioner's order as to the method of computing Beecher's rental for any full year of his occupancy as renter. We hold that the three years' rental occupancy begins on June 26, 1947, and order that the rental period is from that date, reversing the order in so far as it holds that it commence on May 12, 1946.

We further reverse the order in so far as it fixes the rent of the orchards for the part of the year prior to June 26, 1947, and remand the matter to the district court for the determining of the rent for that period. The costs are to be assessed against the appellees.

**BEECHER v. LEAVENWORTH STATE BANK et al.**

No. 12084C.

United States Court of Appeals Ninth Circuit.

Sept. 14, 1950.

Rehearing Denied Oct. 28, 1950.

See also 184 F.2d 506.