**BEECHER v. LEAVENWORTH STATE BANK et al.**

No. 12084C.

United States Court of Appeals Ninth Circuit.

Sept. 14, 1950.

Rehearing Denied Oct. 28, 1950.

See also 184 F.2d 506.

S. P. Beecher, in pro. per.

Henry R. Newton, Spokane, Wash., for appellee Fed. Land Bank of Spokane.

C. D. Randall, Spokane, Wash., and Herman Howe, Seattle, Wash., for appellee Leavenworth State Bank.

Before DENMAN, Chief Judge, and STEPHENS and ORR, Circuit Judges.

DENMAN, Chief Judge.

Beecher appeals from an order of the district court entered on April 9, 1948, terminating the three year stay order provided for in § 75, sub. s(2) [1] of the Bankruptcy Act.

The court in the order appealed from refers to the stay order entered on May 6, 1946. This order was entered on the records of the conciliation commissioner on May 6. 1946, and while we have held, Beecher v. Leavenworth State Bank, 9 Cir., 184 F.2d 502, that the effective date was the entry by the clerk on June 26, 1947, we hold that the designation of the stay order is sufficient to terminate the stay of the order later entered by the clerk if the termination is otherwise sustainable.

Beecher contends that an illness which had caused a continuance on the order to show cause why the stay should not be terminated continued through the period of the hearing on which the termination was determined, and that there should have been a further continuance of the hearing. An examination of the record requires us to hold that there was no abuse of discretion in refusing a further continuance. Beecher undoubtedly was not a well man, but he was well enough to file a response to the order to show cause. None was filed,

1. 11 U.S.C.A. § 203, sub. s(2).

and we agree with the finding in the order terminating the stay that the farmer debtor "has made no showing of any intention to comply with said order to show cause."

In the order appealed from, the court found:

"(4) That during the years 1946 and 1947, the Bankrupt raised large quantities of apples and other fruit on the above property, and has received from the sale thereof a large sum, the amount of which is not known to the Court, but the record shows said sum to be in excess of $30,000.00

"(5) That on January 8, 1948, an Order was entered in this Court directing said Bankrupt to file an itemized report of his receipts and disbursements in raising the crop for the years 1946 and 1947, said report to be filed on or before January 27, 1948. On January 27, 1948, no report was filed by the bankrupt and no reasonable excuse offered for failing to file the same, and on said date an Order was entered by this Court extending the time of the bankrupt in which to file said report until February 10, 1948, and before the entry of said Order a true copy thereof was delivered to S. P. Beecher.

"(6) That on February 10, 1948, the time fixed by the Court in which said report should be filed, has passed, and no report had been filed."
from which it concluded:

"I. That the failure and refusal of the Farm Debtor to file a report and account of the proceeds of the crops produced by him during the years 1946 and 1947, has made it impossible for the Court to determine the amount of rental to be set aside for the benefit of creditors, or to cause the taxes which are delinquent upon said premises to be paid, or to effect a proper administration of the bankrupt's estate under the supervision and control of the Court.

"II. That the Bankrupt is guilty of contempt of Court and of such contumacious conduct as justifies the termination of the Stay Order entered May 6, 1946."

Beecher contends that at no time was he in a position to comply with the order for the accounting because he was not an expert accountant and required the services of one and, further, that the accounting required the advice of the conciliation commissioner, which he was unable to obtain. We do not agree. The accounting required was merely one of receipts and expenditures, which a man of Beecher's obvious intelligence could have made. The net profit showing required by the order was merely the difference between these receipts and expenditures. Though he was not a well man, it is clear that his condition did not prevent him from preparing the ordered accounting.

The court states that the administrative purpose of the accounting was in part to determine the amount of rental due from Beecher. Beecher recognized this, and claims that he was in doubt as to whether or not he should include depreciation in such an accounting. There is no reason for such doubt, for the rental order specifically describes the "net proceeds," of which forty per cent is to be paid as rent for the benefit of creditors as "the total *sum* realized from the sale of crops after first deducting all *sums* necessarily *expended* by the debtor to pay the *actual costs* of operating, maintaining and preserving the orchards" to be rented by Beecher. Sums "expended" do not include depreciation.

Beecher claims that he gave to the court on the day prior to the date of the order terminating the stay such a report as was required by the order of January 8, 1948. An examination of the report shows that it does not comply with the order of January 8, 1948, and that it was not, in effect, a delayed answer to the order to show cause why the stay should not be terminated.

Beecher claims that the termination order, applying only to the orchards, is erroneous because the unsecured creditors are entitled to have the orchards operated as a going concern. Some of the unsecured creditors filed objections to the termination of the stay ultimately ordered. They have not appealed from the order terminating the stay, and Beecher is not in a position to complain.

The order terminating the stay is affirmed.