## BEECHER v. UNITED STATES.
### No. 12084D.

United States Court of Appeals
Ninth Circuit.
Sept. 14, 1950.
As Amended on Denial of Rehearing
Oct. 28, 1950.

S. P. Beecher, in pro. per.

Harvey Erickson, U.S. Atty., Frank R. Freeman, Asst. U.S. Atty., Spokane, Wash., Thomas R. Winter, Sp. Asst. to Chief Counsel, B.I.R., Seattle, Wash., for appellee United States of America.

Before DENMAN, Chief Judge, and STEPHENS and ORR, Circuit Judges.

DENMAN, Chief Judge.

Beecher, a farmer who has invoked the relief provisions of § 75, sub. s, of the Bankruptcy Act[1], appeals from a judgment of the bankruptcy court awarding $802.17 to the Collector of Internal Revenue in payment of federal income tax, plus penalty and interest, for the fiscal year March 1, 1941, to February 27, 1942.

The tax year involved was one subsequent to Beecher's adjudication as a bankrupt under § 75, sub. s but, no valid stay order having been entered, Beecher v. Federal Land Bank, 9 Cir., 153 F.2d 982, sic prior to the commencement of the rent-paying tenancy of the farmer provided for in § 75, sub. s (2) of the Act.[2] A farmer in possession of the property after adjudication under § 75, sub. s is, prior to his rent-paying tenancy, a fiduciary. See Beecher v. Federal Land Bank, supra, 153 F.2d at page 984.

Beecher filed a delinquent personal income tax return for the period in question. From records on file in the bankruptcy court the Commissioner of Internal Revenue recomputed the tax, assessed a deficiency, and filed a claim in the bankruptcy court for the amount of the deficiency. After two hearings the court entered its judgment ordering payment of the claim.

It appears that the claim was filed for income claimed to have been received by Beecher personally since he was adjudicated a bankrupt and, at the argument in the court below, the government insisted that it was Beecher's personal tax liability which was the basis for its claim.

The deficiency assessment was against Beecher personally. The deficiency letter introduced by the government shows that the deficiency was computed as against a fiduciary "under the provisions of existing internal revenue laws applicable to bank-

1. 11 U.S.C.A. § 203, sub. s.

2. This appeal arises out of the bankruptcy proceedings involved in Beecher v. Leavenworth State Bank, 9 Cir., 184 F.2d 498, 9 Cir., 184 F.2d 502, 9 Cir., 184 F.2d 504, and 9 Cir., — F.2d —.* Reference is made to those opinions, as well as the earlier Beecher litigation, see cases cited in Beecher v. Leavenworth State Bank, 9 Cir., 184 F.2d 498, note 3, for a more detailed account of appellant's bankruptcy proceedings.

*. Rehearing granted Oct. 28, 1950.

ruptcies and receiverships" instead of the provisions applicable to his personal liability. It describes the income upon which the deficiency is assessed as "from sale of fruit of $14,669.32 * * * [less] deductible expenses against such gross income of $10,030.16, leaving a net taxable income of $4,639.16. Since you failed to include this income on your return, income reported is increased by $4,639.16."

Since this income was received by Beecher in his fiduciary capacity, it is obvious that the deficiency, computed upon such fiduciary income but assessed to him in his capacity as an individual, is invalid. We express no opinion as to the validity of Beecher's contentions that (a) the government had not complied with the requirements of Treasury Regulation 111, § 29.-274-2 that the taxpayer shall be notified in detail how the deficiency was computed; (b) the income should have been computed on an accrual rather than a cash basis; (c) no income accrued or was received for income tax purposes because of pending litigation, and (d) the purported return filed by Beecher was correct.

The judgment is reversed with costs awarded to Beecher. The court is ordered to enter an order that the government take nothing by virtue of its claim but without prejudice to the right of the government, if any, to assess Beecher in his capacity as a fiduciary for any tax due the government and without prejudice to any defense Beecher may have to the validiy of such an assessment.