**BEECHER v. LEAVENWORTH STATE BANK et al.**

No. 12084 G.

United States Court of Appeals Ninth Circuit.

Sept. 6, 1951.

Rehearing Denied Nov. 15, 1951.

Supplemental Petition for Rehearing Denied Nov. 29, 1951.

S. P. Beecher, appellant, in propria persona.

C. D. Randall, Randall & Danskin, Henry R. Newton, Spokane, Wash., Herman Howe, Seattle, Wash., for appellees.

Before DENMAN, Chief Judge, and STEPHENS and ORR, Circuit Judges.

DENMAN, Chief Judge.

This is an appeal by S. P. Beecher, a farm debtor, from an order of the district court, entered December 20, 1947, allowing creditors' claims in Beecher's proceedings under Sec. 75, sub. s of the Bankruptcy Act.[1]

1. 11 U.S.C.A. § 203, sub. s. For the history of the involved litigation of which this appeal is a part, see Beecher v. Federal Land Bank of Spokane, 9 Cir., 143 F.2d 580; Beecher v. Federal Land Bank of Spokane, 328 U.S. 869, 66 S.Ct. 1376, 90 L.Ed. 1639; Beecher v. Federal Land Bank of Spokane (two cases), 9 Cir., 146 F.2d 934; Beecher v. Federal Land Bank of Spokane, 9 Cir., 146 F.2d 940; Beecher v. Federal Land Bank of Spokane, 9 Cir., 153 F.2d 982; Beecher v. Federal Land Bank of Spokane, 9 Cir., 153 F.2d 987; Beecher v. Federal Land Bank of Spokane, 9 Cir., 146 F.2d 1000; Beecher v. Federal Land Bank of Spokane, 9 Cir., 166 F.2d 85; Beecher v. Leavenworth State Bank, 9 Cir., 156 F.2d 220; Beecher v. Leavenworth State Bank, 9 Cir., 160 F.2d 294; Beecher v. Leavenworth State Bank, 9 Cir., 160 F.2d 296; Beecher v.

Amount of Principal on the Claims.

The "original" claim of the Federal Land Bank of Spokane for $7,675.78, with interest at 6% from April 29, 1939, and the further sum of $647.42, with interest at 6% from July 7, 1939, is based on a sheriff's certificate of sale to the creditor and taxes paid by the creditor. The sale was made on April 29, 1939, pursuant to a decree of foreclosure entered by a state court prior to Beecher's proceeding under Sec. 75 of the Bankruptcy Act. The taxes paid July 7, 1939, were on the land purchased by the creditor at the foreclosure sale.

The "supplemental" claim of the Federal Land Bank for $672.54, with interest at 6% from August 25, 1941, is based upon their payment of taxes and assessments for 1940–41 on the property covered by the sheriff's certificate of sale.

■ The conciliation commissioner allowed both of these claims with interest and the district court approved this action, except that it modified the allowance of interest. Beecher's attorney waived any objection to the principal amount of these claims and, no error appearing, the order as to these claims is approved, except as to interest which is discussed below in reference to all the secured claims.

■ The "original" claim of the Leavenworth State Bank for $22,044.66, with interest of 8% as to $9,611.11 and of 6% as to $12,433.55, was reduced by $531.71, modified as to interest and affirmed as modified by the district court. This claim was based upon a judgment against Beecher in a suit brought to recover on the mortgage security for notes executed by Beecher to the Leavenworth Bank. The judgment was rendered by the Superior Court

of Chelan County, Washington, and was affirmed on appeal.[2] Beecher does not contend that he failed to receive the face value of the notes when he executed and delivered them to the bank. However, he does take the position that the bank's claim should be allowed only for the amount paid to reacquire the notes from an earlier assignee of the notes. Assuming the bank did reacquire the notes for less than their face value, there is no merit to Beecher's contention. Cf. Manufacturers Trust Co. v. Becker, 338 U.S. 304, 70 S.Ct. 127, 94 L.Ed. 107.

■ Objection is also made that the Leavenworth Bank claim cannot be based on the state court judgment. The district court gave express permission for the bank to proceed in the state court. That order was held by this court to be within the power of the district court;[3] and the issue may not now be raised by the farm-debtor.

■ Beecher's next contention is that the Leavenworth Bank has waived its lien on a part of the property by its failure to redeem within one year from the foreclosure of a superior lien on the property. The time for redemption allowed a junior lienor by Washington statute had not run when Beecher petitioned under Sec. 75, sub. s; and at that time, the bank promptly asserted in the bankruptcy court its status as a secured creditor. This was sufficient to preserve its lien. Cf. Ludowici Celadon Co. v. Potter Title & Trust Co., 3 Cir., 273 F. 1009; Lockhart v. Garden City Bank & Trust Co., 2 Cir., 116 F.2d 658. No error appearing, the order of the district court as to this claim is affirmed, except insofar as it conflicts with our decision on interest, *post*.

Leavenworth State Bank, 9 Cir., 184 F.2d 498; Beecher v. Leavenworth State Bank, 9 Cir., 184 F.2d 502; Beecher v. Leavenworth State Bank, 9 Cir., 184 F.2d 504; Beecher v. United States, 9 Cir., 184 F.2d 506; Beecher v. Leavenworth State Bank, 9 Cir., 187 F.2d 448; In re Beecher, (two cases) 9 Cir., 187 F.2d 858; Beecher v. Leavenworth State Bank, 9 Cir., 187 F.2d 858; Beecher v. Leavenworth State Bank, 9 Cir., 187 F.2d 859; Beecher v. United States, 9 Cir., 187 F.2d 859; In re Beecher (two cases), 9 Cir., 189 F.2d 604; Beecher v. Leavenworth State Bank, 9 Cir., 189 F.2d 605; Beecher v. Leavenworth State Bank, 9 Cir., 189 F.2d 606; Beecher v. Leavenworth State Bank, 9 Cir., 189 F.2d 607.

2. Leavenworth State Bank v. Beecher, 6 Wash.2d 483, 108 P.2d 345.

3. Beecher v. Leavenworth State Bank, 9 Cir., 156 F.2d 220.

■ The "supplemental" claim of the Leavenworth Bank for $519.12 with interest at 10% from January 3, 1945, and the further sum of $931.34 with interest at 6% from March 13, 1945 is based on property taxes paid by the creditor. The district court approved the allowance of this claim by the conciliation commissioner. The appellant fails to designate any portion of the record which sustains his claim of error; and the order of the district court as to this claim is affirmed, except insofar as it conflicts with our decision on interest, *post.*

■ The claim of Chelan County was based on unpaid taxes and assessments upon Beecher's property. By Washington statute, the amount of the claim was a lien on the assessed property of the debtor. The conciliation commissioner allowed this claim with interest until the date of payment; and the district court approved this order without modification. The appellant has pointed to no portion of the record which compels a complete reversal of this order, and the order is affirmed, except insofar as it conflicts with our decision on interest, *post.*

■ The secured claim of Katherine C. Parker, assigned to A. C. Hinton, for $1,926.76 with interest at 8% from September 9, 1939, appears to be uncontested except for a general objection to the payment of interest. The district court order affirming the allowance of this claim is affirmed, except insofar as it conflicts with our decision on interest, *post.*

■ The remaining claims are unsecured. Citizens State Bank of Omak claims on Beecher's promissory note for $1,097.45 with interest at 8% from issuance and on a cost bill for $119.52, rendered in a state court action between Beecher and the creditor prior to the Sec. 75 proceedings. The district court approved the allowance of this claim with the modification that interest should stop on February 1, 1940, the date of the filing of the petition in bankruptcy, unless the estate were fully solvent after the allowance of all exemptions and the payment of all secured claims. Since the creditor waives any statutory lien which it

may have acquired within four months of Beecher's proceeding under Sec. 75, there is no error in the allowance of this claim.

The Puget Sound Power & Light Co. claims for $817.22. The conciliation commissioner allowed the claim; and the district court affirmed. The appellant does not contest this allowance in his brief, and the order of the district court is affirmed.

■ Beecher has vigorously contested the allowance of all claims on the ground that they may not be charged against income from the property during the time of bankruptcy administration. He argues that this income belongs to him as a part of his after-acquired estate. It is true that the farm-debtor remains in possession under Sec. 75, sub. s subject to the control of the court, but his possession is that of a trustee for the creditors. Beecher v. Federal Land Bank, 9 Cir., 153 F.2d 982. In both ordinary bankruptcy and in farmer-debtor cases the income earned from assets in the control of the bankruptcy court is generally for distribution to the creditors. Central States Life Ins. Co. v. Carlson, 10 Cir., 98 F.2d 102; cf. Tower Grove Bank & Trust Co. v. Weinstein, 8 Cir., 119 F.2d 120; In re Hotel St. James Co., 9 Cir., 65 F.2d 82; In re Thomas, 5 Cir., 36 F.2d 221. The chief exception to this rule in Sec. 75, sub. s bankruptcy is when the debtor is in possession as a rent-paying tenant. Reichert v. Federal Land Bank, 8 Cir., 139 F.2d 627. During that time, the rent is all that the creditors may claim against. At other times, after the farmer's petition in bankruptcy, the above rule applies.

Interest on Secured Claims.

Interest charges were allowed on the secured claims by the conciliation commissioner. The district court modified the allowance of interest as to the original claims of the Leavenworth State Bank, the Federal Land Bank, and Katherine C. Parker: viz., "interest * * * is allowed only to February 1, 1940 [date of the petition in bankruptcy], except that interest thereon is allowed after said date to the extent that the same may be paid from the income from and proceeds of said property on which the said claims are liens. * * *"

. [12] As a general rule, interest stops on both secured and unsecured claims upon the date of filing the petition in bankruptcy. Sexton v. Dreyfus, 219 U.S. 339, 31 S.Ct. 256, 55 L.Ed. 244. This is a rule of convenience which has developed from a century and a half of English bankruptcy practice. The basis of the rule is to allow orderly administration of the bankrupt's estate; matters must be brought to a halt at a time certain and this date allows the rendition of accounts without doubt as to any future claims for interest. Certain peculiar considerations require the application of the rule to interest on secured claims. Otherwise, the equity of unsecured creditors is in danger of being wiped out by interest claims of secured creditors who have extended credit at high rates during the debtor's transitional period of financial embarrassment prior to bankruptcy. Further, the period of administration may be lengthy, especially when, as here, there has been a failure to appraise the redemption value of the farm-debtor's property.

A contrary rule for secured claims would also discourage contests by the unsecured creditors of secured claims. They would be forced to abstain so that the administration of the estate could be wound up quickly; and the trustee would have every motive to make quick sales in order to bring administration to a halt shortly.

■ Two qualifications of the rule that interest on secured claims stops at the date of bankruptcy have been recognized:

(1) If the estate turns out to be fully solvent, it has been thought more equitable to apply the surplus to creditors' claims for interest rather than returning the money to the debtor. Johnson v. Norris, 5 Cir., 190 F. 459, L.R.A.1915B, 884.

(2) If securities in the creditors' possession pledged as collateral yield income, this amount has been charged with the secured creditors' claims for interest. Sexton v. Dreyfus, supra.

Except as stated above, the only time in which the majority of modern cases have allowed interest after bankruptcy on secured claims is when the courts have discovered equitable reasons for doing so. Vanston, etc., Committee v. Green, 329 U.S. 156, 67 S.Ct. 237, 91 L.Ed. 162; Pacific States Corp. v. Hall, 9 Cir., 166 F.2d 668.[4]

■ The argument of the appellees has presented no equitable reason for a departure from general principles and, consequently, the allowance of interest on each of the original secured claims of the Leavenworth State Bank, the Federal Land Bank, Katherine C. Parker, and Chelan County must be qualified by this phrase: "interest is allowed after said date to the extent that the same may be paid from the income of any securities pledged to the creditors as collateral, or to the extent that the estate is fully solvent after the allowance of exemptions and the payment of the principal amount of all claims."

■ Interest was also allowed on the supplemental claims of the Leavenworth State Bank and the Federal Land Bank for taxes paid by them on the property in which they had security rights. These claims arose after the date of bankruptcy and by paying them the creditors became subrogated to the rights of the taxing agencies against Beecher. The rights of these subrogees can rise no higher than their source and it is pertinent here to consider the effect of City of New York v. Saper, 336 U.S. 328, 69 S.Ct. 554, 93 L.Ed. 710. Although that case dealt with tax claims which arose before the date of bankruptcy, its principle of cutting off interest on tax claims at the date of bankruptcy is applicable to the supplemental claims involved here. There is just as much danger of eating up the bankrupt's estate with interest on claims arising after the date of bankruptcy as with interest on claims arising before the date of bankruptcy. Consequently, the allowance of interest on these supplemental claims must be modified in the same manner as the other secured claims.

As modified by this opinion, the order of the district court is affirmed.

4. Our decision in United States v. Sampsell, 9 Cir., 153 F.2d 731, allowing post-bankruptcy interest on a secured claim when the sale proceeds of the security were ample for that purpose was necessarily overruled by the Supreme Court in the Vanston case which followed the Sampsell case.