### BEECHER
v.
### LEAVENWORTH STATE BANK et al.
Nos. 13693, 13937, 14020–14023.

United States Court of Appeals,
Ninth Circuit.
Dec. 24, 1953.

S. P. Beecher, Cashmere, Wash., in pro. per.

John J. Ripple, Spokane, Wash., for appellee.

Homer Smithson, C. D. Randall, Spokane, Wash., for appellee Leavenworth State Bank.

Henry R. Newton, Spokane, Wash., for Federal Land Bank of Spokane.

Before DENMAN, Chief Judge, and STEPHENS and ORR, Circuit Judges.

DENMAN, Chief Judge.

Beecher is seeking a ruling by this court on that which he terms "a jurisdictional point of law in section 75(s) [11 U.S.C.A. § 203(s) ] proceedings" which requires that all proceedings subsequent to an alleged tender of redemption be set aside as beyond the jurisdiction of the court.

Although all but one of the appeals (No. 13,693) in which Beecher seeks this ruling have been dismissed,[1] we shall consider the question at this point because of its importance to the protracted Beecher litigation.[2]

In 1939, Beecher, a farmer, found himself in financial difficulties and instituted proceedings under section 75(a–r) of the Bankruptcy Act.[3] Unable to secure the assent of his creditors to an offer of composition, Beecher filed an amended petition under section 75(s) of the Act and was adjudicated a bankrupt farmer-debtor on February 1, 1940. He remained in possession of his property under a stay and rental order later declared void by this court[4] until July, 1943, when, because of his neglect of the property, a receiver was put in possession of the orchard property involved.[5] The receiver's possession was terminated and appellant was restored to possession on May 6, 1946. On August 16, 1943, the Conciliation Commissioner, on Beecher's motion, appraised the property at $9,170 for purposes of redemption. Beecher alleges that on August 4, 1947, he deposited $9,170.00 into court and claimed that he had redeemed the property.[6]

On November 30, 1951, upon request of the secured creditors, the district court re-appraised the property involved at a total value of $21,550 and directed that redemption could be effected by Beecher by the payment into court of

1. The issuance of the mandate having been stayed until January 14, 1954, these causes are still before this court.

2. For a more complete history of the extraordinary and in large part unwarranted prolongation of this litigation, see Beecher v. Federal Land Bank, 9 Cir., 143 F.2d 580; Id., 146 F.2d 934 (two cases); Id., 146 F.2d 940; Id., 146 F.2d 1000; Id., 153 F.2d 982, certiorari denied 328 U.S. 869, 871, 66 S.Ct. 1376, 90 L.Ed. 1639, 1641; Id., 329 U.S. 822, 67 S.Ct. 34, 91 L.Ed. 699; Id., 153 F.2d 987, certiorari denied, 328 U.S. 871, 66 S.Ct. 1364, 90 L.Ed. 1641; Id., 329 U.S. 819, 67 S.Ct. 28, 91 L.Ed. 697; Beecher v. Leavenworth State Bank, 156 F.2d 220; Id., 160 F.2d 294; Id., 160 F.2d 296; Beecher v. Federal Land Bank, 166 F.2d 85; Beecher v. Leavenworth State Bank, 184 F.2d 498; Id., 184 F.2d 502; Id., 184 F.2d 504; Beecher v. United States, 184 F.2d 506; Beecher v. Leavenworth State Bank, 187 F.2d 448, 449; In the Matter of Beecher, 187 F.2d 858; Beecher v. Leavenworth State Bank, 187 F.2d 858; Id., 187 F.2d 859; In re Beecher, 189 F.2d 604 (two cases); Beecher v. Leavenworth State Bank, 189 F.2d 605;

Id., 189 F.2d 606; Id., 189 F.2d 607; Id., 191 F.2d 812; Id., 192 F.2d 10, certiorari denied, 343 U.S. 953, 954, 72 S.Ct. 1048, 96 L.Ed. 1354; Id., 344 U.S. 886, 73 S.Ct. 187; In re Beecher, D.C.E.D. Wash., 50 F.Supp. 530. There have also been numerous unreported orders in these cases. In addition, the following appeals have been disposed of without opinion or are still pending: Beecher v. Leavenworth State Bank, Nos. 13,316–13,326; Id., No. 13,674; Beecher v. Smithson, 9 Cir., 205 F.2d 113; Id., 13,937; Beecher v. Federal Land Bank, Nos. 14,020–14,028.

3. 11 U.S.C.A. § 203(a–r).

4. Beecher v. Federal Land Bank, 9 Cir., 153 F.2d 982, 984.

5. The circumstances necessitating the appointment of a receiver are described in Beecher v. Federal Land Bank, 9 Cir., 146 F.2d 934, 938.

6. Beecher so alleges. Because the record is not in a condition to permit verification of this allegation without extended research, the allegation will be accepted as true for the purposes of this opinion.

this sum. Among the findings of fact and conclusions of law supporting this order was one that there were no funds in the registry of the court available to Beecher for the purposes of redemption. No payment pursuant to this order was made by Beecher during the ninety-day period or at any other time. A tender of redemption was made on February 27, 1952, by which Beecher sought to redeem the property with the $9,170 plus the moneys thereafter acquired during the years he did not have possession. This tender was rejected.

On April 13, 1953, on petition of the secured creditors and after notice and hearing were afforded Beecher, the district court entered an order appointing a trustee to take over the property and directing the sale thereof.[7] Beecher's contention is that after the deposit into court of the $9,170, the district court was without jurisdiction to take any further action in the case other than to re-appraise the property at the request of the secured creditors,[8] and that the court therefore had no power to appoint a trustee or to order a sale.

 Inasmuch as the district court did re-appraise the property at the request of the secured creditors and arrived at a value greater than the amount Beecher had deposited, Beecher's contention has merit only if there are funds in the registry of the court which were available to him. The findings of fact and conclusions of law of the order of November 30, 1951, foreclose any such contention. It does not appear that Beecher appealed from that order and that conclusion of law is now the law of the case. Furthermore, this contention was presented to this court in Beecher's motion to this court for a stay of the sale pending determination of the appeal in No. 13,937, and was rejected. No certiorari was sought on this decision.

There is another reason why Beecher's contention that the district court had no jurisdiction to enter the order appointing a trustee and directing the sale of the property must be rejected. The last sentence of section 75(s) (3) states:

"If, however, the debtor at any time fails to comply with the provisions of this section, or with any orders of the court made pursuant to this section, or is unable to refinance himself within three years, the court may order the appointment of a trustee, and order the property sold or otherwise disposed of as provided for in this title."

The record is replete with instances in which Beecher has failed to comply with orders of the court,[9] once to such an extent that the district judge found it necessary to jail him for contempt.[10] Furthermore, the record shows that Beecher has not been able to rehabilitate himself during the fourteen-year period of this litigation.

Thus, the order of the court was within its power; and, inasmuch as the other orders complained of were ancillary to the order appointing the trustee and directing the sale, they, too, were within the power of the court.

We do not here decide whether the appointment of the trustee and the order of sale were proper. We hold only that the court below did not lose jurisdiction to appoint a trustee and to order a sale of the property when Beecher deposited the $9,170.00 into the registry of the court. The question of the propriety of the appointment of the trustee is a matter for

---

7. Pursuant to the second proviso of § 75 (s) (3).

8. This contention is based upon the first proviso of § 75(s) (3) and upon language in the case of Wright v. Vinton Branch of Mountain Trust Bank, 300 U.S. 440, 57 S.Ct. 556, 81 L.Ed. 736.

9. See Beecher v. Federal Land Bank, 9 Cir., 146 F.2d 934, 937–939; Beecher v. Leavenworth State Bank, 9 Cir., 160 F.2d 294, 295; Beecher v. Leavenworth State Bank, 9 Cir., 184 F.2d 504; In re Beecher, D.C.E.D.Wash., 50 F.Supp. 530, 532–533.

10. See Beecher v. Leavenworth State Bank, 9 Cir., 184 F.2d 504.

determination when Appeal No. 13,693 is heard on the merits.

It is ordered that a copy of this opinion be made a part of the record in each of the following appeals: Nos. 13,693, 13,937, 14,020, 14,021, 14,022, 14,023, 14,024, 14,025, 14,026, 14,027, 14,028.