BEECHER

v.

**LEAVENWORTH STATE BANK et al.**
Nos. 13693, 13937, 14020–14028, 14167, 14224.

United States Court of Appeals, Ninth Circuit.

Feb. 18, 1954.

Writ of Certiorari Denied

April 12, 1954.

See 74 S.Ct. 649.

S. P. Beecher, in pro. per.

John J. Ripple, C. D. Randall, Henry R. Newton, Spokane, Wash., for appellees.

Before DENMAN, Chief Judge, and STEPHENS and ORR, Circuit Judges.

DENMAN, Chief Judge.

Beecher now has two motions pending in this court.[1] The first is entitled "Motion for Amendment of Findings and Amendment of Judgment, Under Rules of Civil Procedure Section 52(b) [28 U.S.C.A.]," in which he seeks to amend this court's decision on his motion for a ruling on "a jurisdictional point of law in section 75(s) proceedings". Beecher v. Leavenworth State Bank, 9 Cir., 209 F.2d 20, 21 [December 24, 1953]. The second is entitled "Motion by Appellant to Stay the Enforcement and Execution of District Court Orders Until the Final Determination of Proceedings in this Court and Supreme Court on Petition for Certiorari."

Both of these motions are based upon the same contention—that the money deposited into the court by him plus the money received into the registry of the court during the prolonged existence of this litigation are sufficient to redeem his farm property and should be so applied. The gravamen of this contention is that all moneys collected from the administration of the property during Section 75, sub. s proceedings are available for purposes of redemption.

Section 75, sub. s of the Bankruptcy Act, 11 U.S.C.A. § 203, provides an orderly procedure whereby a farmer-debtor may have an opportunity to rehabil-

---

1. For the prior history of this extraordinary litigation, see footnote 2 of our opinion in Beecher v. Leavenworth State Bank, 9 Cir., 209 F.2d 20.

itate himself and to retain his property without depriving the secured creditors of their rights. Wright v. Vinton Branch Mountain Trust Bank, 300 U.S. 440, 457, 57 S.Ct. 556, 561, 81 L.Ed. 736. If the debtor cannot arrive at a composition under Section 75, subs. a–r, or if he is aggrieved by such composition, he may petition the court to be adjudged a bankrupt and proceed under Section 75, sub. s. The essence of the statutory scheme provided by subdivision sub. s is a three-year stay of judicial proceedings during which the debtor is permitted to retain possession of all property necessary to the operation of his farm in return for the payment of a reasonable rental.[2] Net proceeds in excess of such rental belong to the debtor, but during this period the court may require the debtor to make payments on the principal of the debts. The rental proceeds are distributed as follows: first, taxes and upkeep in the property are paid; and second, the remainder is apportioned amongst the creditors, secured and unsecured. At the end of the three-year period, or prior thereto, the debtor may pay into court an amount up to the amount of the appraisal of the property of which he retains possession, including the amount of encumbrances on his exemptions, less the amount paid upon the principal. The creditors or the debtor may have a reappraisal at this time, but once the payment has been made, the property is turned over to the debtor free and clear of all claims and encumbrances. In this manner, the creditors get the most that they could hope for if a sale were forced—the value of the property—and the debtor is rehabilitated and retains possession of his property.

■■ It is clear from the above that the moneys, in excess of the rental, re-ceived from the operation of the property during the stay, are available for redemption. However, this money is in the hands of the debtor and not in the registry of the court. During the period between the adjudication of bankruptcy and the commencement of the stay provided by subdivision (s), the debtor's possession is that of a trustee for the benefit of the creditors. See Beecher v. Federal Land Bank, 9 Cir., 153 F.2d 982, 984, certiorari denied 328 U.S. 869, 66 S.Ct. 1376, 90 L.Ed. 1639, 328 U.S. 871, 66 S.Ct. 1376, 90 L.Ed. 1641, 329 U.S. 822, 67 S.Ct. 34, 91 L.Ed. 699; United States v. Owens, 10 Cir., 186 F.2d 162, 164. A like rule applies at times after the termination of the stay when the bankrupt is in possession. See Beecher v. Leavenworth State Bank, 9 Cir., 192 F.2d 10, 13, certiorari denied, 343 U.S. 953, 954, 72 S.Ct. 1048, 96 L. Ed. 1354, 344 U.S. 886, 73 S.Ct. 187, 97 L.Ed. 686, where we said: "In both ordinary bankruptcy and in farmer-debtor cases the income earned from assets in the control of the bankruptcy court is generally for distribution to the creditors. [Citing cases.] The chief exception to this rule in Sec. 75, sub. s bankruptcy is when the debtor is in possession as a rent-paying tenant. [Citing case.] During that time, the rent is all that the creditors may claim against. At other times, after the farmer's petition in bankruptcy, the above rule applies."

■ The stay period commenced on June 26, 1947,[3] and was terminated on February 10, 1948,[4] upon a finding by the court that Beecher had failed to comply with its orders. Thus, moneys received from the operation of the property, before June 26, 1947, and after February 10, 1948, were received for the benefit of the creditors and are not

---

2. The court may terminate this stay in less than three years if "the debtor at any time fails to comply with the provisions of this section, or with any orders of the court made pursuant to this section," and "may order the appointment of a trustee, and order the property sold or

otherwise disposed of as provided for in this title."

3. See Beecher v. Leavenworth State Bank, 9 Cir., 184 F.2d 502, 504.

4. Beecher v. Leavenworth State Bank, 9 Cir., 184 F.2d 504, 505.

available to Beecher for purposes of redemption. Money in excess of the rental paid during the period of the stay is already in Beecher's hands and is not in the registry of the court. There is no money in the registry of the court, received from the operation of the property, which is available to Beecher for purposes of redeeming the property.

Nothing said here or in prior opinions should be deemed a holding that any money that Beecher may have deposited in court in an insufficient tender of redemption is not available to him for the purposes of redemption. Such money should be returned to Beecher if the tender is rejected unless it is found to be money which properly belonged to the bankrupt estate.

Beecher has also sought from the district court permission to go onto the property for the purpose of removing personal papers and his exemptions from the house. The district court would grant such permission only if Beecher would first make a list of the items he wished to remove. Beecher contends that he is unable to do so without first examining the premises. We can see no harm in the district court's entering an order, upon proper application, permitting Beecher to go on the premises in the company of a marshal for the purpose of making a list of items which he wishes to remove, such list to be submitted to the court for approval. Upon approval, Beecher should be permitted to remove these items. This method will protect the interests of all parties.

We find that there is no substantial question warranting a stay of the enforcement and execution of the district court's order of sale. Nor is such a stay necessary to protect the jurisdiction of this court. Beecher may protect himself against the questions involved becoming moot upon expiration of the ninety-day redemption period by joining the purchaser as a party to these appeals. See Miller v. Hatfield, 309 U.S. 1, 60 S.Ct. 374, 84 L.Ed. 535.

This court will entertain no further motions by Beecher seeking a stay pending the appeals or applications for certiorari to the Supreme Court in these cases.

Beecher's motions are denied.