S. P. BEECHER, Appellant,

v.

Homer SMITHSON, Trustee, Appellee.

No. 13693.

United States Court of Appeals
Ninth Circuit.

Oct. 11, 1954.

Rehearing Denied Nov. 29, 1954.

S. P. Beecher, in pro. per.

John J. Ripple, Claude D. Randall, Spokane, Wash., for appellee.

Before ORR, FEE and CHAMBERS, Circuit Judges.

PER CURIAM.

This appeal is one of a long series urged by a farmer-debtor whose real property has been administered for a number of years under § 75, sub. s, of the Bankruptcy Act, 11 U.S.C.A. § 203, sub. s. Appellant has through all these proceedings acted as his own counsel. The courts, including this, have been more than conscientious in dealing with him, and because of the situation have probably extended him favors beyond his technical rights. Appellant is not a lawyer and has been inclined to insist that his rights are bounded only by his desires.

■■ There has been a motion to dismiss this appeal because Beecher did not think it necessary to file an appeal bond as security for costs as required by the Federal Rules of Civil Procedure, rule 73(c), 28 U.S.C.A. See Coursey v. International Harvester Co., 10 Cir., 109 F.2d 774, 777; In re Braker, 6 Cir., 127 F.2d 652; General Orders Bankruptcy No. 36, 11 U.S.C.A. following section 53. This defect was not cured by sending at a later date a personal check to the Clerk of this Court "under protest" for costs. The rules cannot be improvised by the litigant. Further, Beecher did not file timely a designation of the record. This motion to dismiss was continued until the appeal was heard. It is now granted.

However, in view of the situation, all matters urged upon this Court have been examined and no merit has been found in any. The findings, conclusions and order of the trial court were correct. The patience and scrupulous care of this Court in dealing with this litigant are exemplary. [1]

1. Beecher v. Federal Land Bank of Spokane, 9 Cir., 143 F.2d 580; Id., 9 Cir., 146 F.2d 934 (2 cases); Id., 9 Cir., 146 F.2d 940; Id., 9 Cir., 146 F.2d 1000; Id., 9 Cir., 153 F.2d 982, certiorari denied 328 U.S. 869, 66 S.Ct. 1376, 90 L.Ed. 1639 and 328 U.S. 871, 66 S.Ct. 1364, 90 L.Ed. 1641, rehearing denied 329 U.S. 822, 67 S.Ct. 34, 91 L.Ed. 699; Id., 9 Cir., 153 F.2d 987, certiorari denied 328 U.S. 871, 66 S.Ct. 1364, 90 L.Ed. 1641, rehearing denied 329 U.S. 819, 67 S.Ct. 28, 91 L.Ed. 697; Beecher v. Leavenworth State Bank, 9 Cir., 156 F.2d 220; Id., 9 Cir., 160 F.2d 294; Id., 9 Cir., 160 F.2d 296; Beecher v. Federal Land Bank of Spokane, 9 Cir., 166 F.2d 85; Beecher v. Leavenworth State Bank, 9 Cir., 184 F.2d 498; Id., 9 Cir., 184 F.2d 502; Id., 9 Cir., 184 F.2d 504; Beecher v. United States, 9 Cir., 184 F.2d 506; Beecher v. Leavenworth State Bank, 9 Cir., 187 F.2d 448; In the Matter of Beecher, 9 Cir., 187 F.2d 858 (2 cases); Beecher v. Leavenworth State Bank, 9 Cir., 187 F.2d 858; Id., 9 Cir., 187 F.2d 859; In re Beecher, 9 Cir., 189 F.2d 604; In re Beecher, 9 Cir., 189 F.2d 604–605; Beecher v. Leavenworth State Bank, 9 Cir., 189 F.2d 605; Beecher v. Leavenworth State Bank, 9 Cir., 189 F.2d 606; Beecher v. Leavenworth State Bank, 9 Cir., 189 F.2d 607; Id., 9 Cir., 191 F.2d 812; Id., 9 Cir., 192 F.2d 10, certiorari denied, 343 U.S. 953, 72 S.Ct. 1048, 96 L.Ed. 1354; Id., 344 U.S. 886, 73 S.Ct. 187, 97 L.Ed. 686; Beecher v. Smithson, 9 Cir., 205 F.2d 113; Beecher v. Leavenworth State Bank, 9 Cir., 209 F.2d 20; Id., 9 Cir., 211 F.2d 158, certiorari denied 347 U.S. 949, 74 S.Ct. 649, 98 L.Ed. ——, rehearing denied 347 U.S. 964, 74 S.Ct. 712, 98 L.Ed. ——.