**In the matter of Rolland Eugene WINDLE and Loretta Marie Windle, Debtors.**

**Bankruptcy Nos. 76B–4–SW, 76B–5–SW.**

United States Bankruptcy Court, W. D. Missouri, S. D.

Jan. 5, 1982.

Duke W. Ponick, Max W. Foust, Kansas City, Mo., for bankrupts.

ORDER DIRECTING TRUSTEE TO RE-LEASE ALL FUNDS TO BANK-RUPTS EXCEPT THOSE NECES-SARY TO PAY FEES AND COSTS AND EXPENSES OF ADMINISTRA-TION, TAX CLAIMS, SECURED CLAIMS PLUS INTEREST, AND CLAIMS OF GENERAL UNSE-CURED CREDITORS WITHOUT POST BANKRUPTCY INTEREST

DENNIS J. STEWART, Bankruptcy Judge.

On December 14, 1981, this court issued its order directing James F. B. Daniels, Esquire, the trustee in bankruptcy, to release to the debtors the sum of $56,414.82 (the portion of monies of the estate which appeared to constitute a surplus over the general claims *plus* post bankruptcy interest and taxes, costs and fees of administration and compensation of officers of the estate).

In the same order, the trustee and general creditors were directed to show cause "in writing within 15 days of the date of entry of this order why the sums retained for possible payment of post-bankruptcy interest to unsecured creditors should not be paid over to the bankrupts." Although more than 15 days have since transpired, no response to that order has been filed by any of the creditors. In the meantime, the trustee in bankruptcy has filed written objections to any of the pre-existing claims which request awards of postbankruptcy interest.

Because of the failure to respond to the show cause order of December 14, 1982, and thereby specially request an award of post-bankruptcy interest, this court believes that the general, unsecured creditors have waived any right to postbankruptcy interest which they might otherwise have been entitled to under the particular circumstances of the case. For, granted an explicit opportunity to show such interest under the particular circumstances of this case, the creditors have not availed themselves of that opportunity by responding to the Order of December 14, 1981.

Further, the circumstances of this case do not appear to warrant the granting of post-bankruptcy interest in the absence of a specific application therefor addressed to the unique circumstances of this case. It is true that, as a general rule, "[i]f the estate turns out to be fully solvent, it has been thought more equitable to apply the surplus to creditors' claims for interest rather than returning the money to the debtor." *Beecher v. Leavenworth State Bank*, 192 F.2d 10, 14 (9th Cir. 1951). "[I]t has generally been recognized that where the bankruptcy estate shows a general surplus, interest should be allowed, after the date of the filing of the bankruptcy petition, on creditors' claims which would be entitled to such interest if there had been no bankruptcy." Anno., Claim in bankruptcy as bearing interest after filing of petition where there is a surplus, 27 A.L.R.2d 586, 588. But there are holdings to the contrary. *Id.* at 588–589. The issue of whether postbankruptcy interest is to be accorded is to be determined according to equitable principles. See *Littleton v. Kincaid*, 179 F.2d 848, 27 A.L.R.2d 572, 577 (4th Cir. 1950). When "[t]he delay in payment is not the act of the debtor but is an act of law for the mutual benefit of the creditors," 27 A.L.R.2d at 577, that fact may be considered a basis for nonallowance of postbankruptcy interest on the general unsecured claims. It is usually held that the reason "loses its force, especially in the case of a voluntary proceeding when the assets are more than sufficient to pay all the claims in full." *Id.* But, in this case, even though the proceedings were voluntary, it was not at the bankrupts' instance that delay in payment of the claims ensued. Rather, the delay in payment came as the result of the bankrupts' having to file and prosecute an action against certain entities as a prerequisite to obtaining *for the estate* the monies which are now sufficient to pay all the claims. There is no indication in the files and records of this case that, in so doing, the bankrupts in any

way contributed to the delay. Rather, they were forced to prosecute the action, *incurring attorney's fee obligations* on their own account in order to obtain the recovery. According to the verifiable information available to the court, the amount of the attorney's fees thus incurred nearly equals or exceeds the surplus which exists in this case over the amount of claims allowable without the payment of postbankruptcy interest.

It is therefore, for the foregoing reasons,

ORDERED, that the trustee in bankruptcy release all funds to bankrupts except those necessary to pay fees and costs and expenses of administration, tax claims, secured claims plus interest up to the value of the collateral and claims of general unsecured creditors without postbankruptcy interest. The release of monies should be effected after the time for appeal from this order has run out without the filing of any notice of appeal.