

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| MALEE J. PRICE, | ) | No. 11-35126 |
| | ) | |
| Plaintiff – Appellant, | ) | D.C. No. 3:09-cv-05506-RJB |
| | ) | |
| v. | ) | **MEMORANDUM**<sup>*</sup> |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant – Appellee. | ) | |
| | ) | |
| | ) | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, Senior District Judge, Presiding

Submitted March 7, 2012<sup>**</sup>
Seattle, Washington

Before:     FERNANDEZ and PAEZ, Circuit Judges, and GWIN,<sup>***</sup> District
Judge.

---

<sup>*</sup>This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

<sup>**</sup>The panel unanimously finds this case suitable for decision without oral
argument.  Fed. R. App. P. 34(a)(2).

<sup>***</sup>The Honorable James S. Gwin, United States District Judge for the
Northern District of Ohio, sitting by designation.

Malee Price appeals the district court's judgment, which affirmed the Commissioner of Social Security's denial of disability insurance and supplemental security income benefits for a period from June 15, 1995, to April 1, 2000.[1] We affirm.

(1) Price asserts that the Commissioner and the district court improperly relied upon the law of the case doctrine when they considered this matter. We disagree. Absent an exception, the law of the case doctrine applies. See Old Person v. Brown, 312 F.3d 1036, 1039 (9th Cir. 2002); Jeffries v. Wood, 114 F.3d 1484, 1489 (9th Cir. 1997) (en banc); see also United States v. Smith, 389 F.3d 944, 948–49 (9th Cir. 2004) (per curiam); Beecher v. Leavenworth State Bank, 209 F.2d 20, 22 (9th Cir. 1954). Of course, we agree that we can decline to apply that doctrine when there is clear error and manifest injustice,[2] or where there has been "intervening controlling authority" that changed the law. Old Person, 312 F.3d at 1039; see also Jeffries, 114 F.3d at 1489.

---

[1]She was granted benefits from April 1, 2000 forward.

[2]There is some authority in this circuit for using "or" in place of "and." See Tahoe-Sierra Pres. Council v. Tahoe Reg'l Planning Agency, 216 F.3d 764, 787 n.43 (9th Cir. 2000), aff'd on other grounds, 535 U.S. 302, 122 S. Ct. 1465, 152 L. Ed. 2d 517 (2002). However, as will appear, we need not address that distinction at this time.

(2) Price, in effect, asserts that the law of the case doctrine should not apply because the prior residual functional capacity determination was clearly erroneous. We do not agree.

Price claims that the decision was based, in part, on determinations regarding medical evidence that were clearly erroneous. We have reviewed the record and are satisfied that the ALJ's characterization of those sources as examining physicians was not clear error.

We also agree with the district court that there have not been intervening changes in the law that require a refusal to follow law of the case doctrine. Price refers to a Social Security Ruling,[3] but that was simply intended to clarify, not substantially change,[4] the law; as before, each case must simply be "adjudicated on its own merits" upon "weighing of all the evidence in [the] particular case."[5] The ALJ had done precisely that. Similarly, while we have issued a number of opinions dealing with harmless error,[6] they have made no change that would cause

---

[3]SSR 06-03p, 2006 WL 2329939 (Aug. 9, 2006).

[4]See Merritt v. Mackey, 932 F.2d 1317, 1320–21 (9th Cir. 1991); Dean v. Trans World Airlines, Inc., 924 F.2d 805, 810 (9th Cir. 1991); Richardson v. United States, 841 F.2d 993, 996 (9th Cir. 1988).

[5]SSR 06-03p, 2006 WL 2329939, at *5 (Aug. 9, 2006).

[6]See Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1162 (9th Cir.
(continued...)

us to deny application of the law of the case. Indeed, the case that Price most heavily relies upon pointed out that its "conclusion is consistent with our prior harmless error cases in this area." Stout, 454 F.3d at 1056. In fine, the law of the case doctrine was properly applied, and there was no error in treating Price's residual functional capacity as established.

(3)     Price asserts that the ALJ erred in her determination at Step 5 that there were significant numbers of jobs in the national economy that Price could perform. See 20 C.F.R. §§ 404.1569, 404.1569a(a), 416.969, 416.969a(a). Again, we disagree. Essentially, Price asserts that the ALJ erred because the vocational expert answered a hypothetical, which included Price's reaching limitations, in a way that violated the provisions of the Dictionary of Occupational Titles, but, in fact, there was no inconsistency. The vocational expert was well aware of the reaching limitations and upon specific questioning by the ALJ testified that they were within the classifications in the Dictionary. See Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007); Johnson v. Shalala, 60 F.3d 1428, 1435–36 (9th Cir. 1995). We detect no error in the vocational expert's testimony or in the ALJ's determination in that respect. Thus, the ALJ did not err in determining that Price

---

[6](...continued)
2008); Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006); Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1054–55 (9th Cir. 2006); see also Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1197 (9th Cir. 2004).

was not disabled.

(4)    Price also argues that the first ALJ's determination regarding Price's ability to perform past relevant work (library technician) was clearly erroneous. Even if that is so, an issue we do not decide, we need not consider it because the determination of nondisability at Step 5 makes any error at Step 4 harmless.  See Tommasetti v. Astrue, 533 F.3d 1035, 1042 (9th Cir. 2008).

AFFIRMED.