**PALO ALTO MUTUAL SAVINGS AND LOAN ASSOCIATION, Appellant,**

v.

**Ralph E. WILLIAMS, Trustee in Bankruptcy of John E. Duskin, Formerly Known as John E. Duskin, General Contractors, Bankrupt, Appellee.**

**No. 15105.**

United States Court of Appeals Ninth Circuit.

May 20, 1957.

---

Lorenz Costello, Palo Alto, Cal., Clarendon W. Anderson, Santa Rosa, Cal., Faber L. Johnston, Jr., San Jose, Cal., for appellant.

Shapro & Rothschild, Daniel Aronson, Jr., San Francisco, Cal., for appellee.

Edmund G. Brown, Atty. Gen., James E. Sabine, Asst. Atty. Gen., Ernest P. Goodman, Eugene B. Jacobs, Harry W. Low, Deputy Attys. Gen., for State of California, amicus curiae.

Before DENMAN, Chief Judge, and STEPHENS, HEALY, POPE, LEMMON, FEE, CHAMBERS, BARNES and HAMLEY, Circuit Judges.

**DENMAN, Chief Judge.**

This is an appeal from an order of the District Court for the Northern District of California, Southern Division, in a bankruptcy proceeding disallowing the claims of Palo Alto Mutual Savings & Loan Association, hereafter appellant, for simple post-bankruptcy interest on its two secured claims against the bankrupt estate.

Appellant lent the bankrupt funds secured by deeds of trust on two pieces of realty. The deeds recited that they secured principal and interest. The bankrupt used the funds to improve the security by erecting houses on the properties. Thereafter he went into bankruptcy and the bankrupt's securing properties were thereafter sold for an amount which is sufficient to pay the principal and interest on each up to the time of the sale. The referee disallowed the claims for interest after the date of the filing of the petition and the district court affirmed. There are junior lienors with claims against the properties, but it appears that whether or not post-bankruptcy interest is allowed to appellant the funds will be inadequate to pay the junior encumbrancers in full.

The appellant contends that the proceeds of the sale of the mortgaged security being sufficient to pay interest thereon, it should have its interest in full to the date of the sale. For this it cites, among many cases, Louisville Joint Stock Land Bank v. Radford, 1935, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593, clearly holding that such a secured creditor cannot be deprived of his interest where the value of the security exceeds the debt and the interest thereon. This decision has been followed by the recent decisions of many of the circuits.[1]

The district court and appellee rely on the instant writer's statement of the law

---

[1] See, e.g., Northtown Theatre Corp. v. Mickelson, 8 Cir., 1955, 226 F.2d 212; In re Macomb Trailer Coach, Inc., 6 Cir., 1953, 200 F.2d 611, cases cited at pages 613, 614; United States v. Paddock, 5 Cir., 1951, 187 F.2d 271; Kagan v. Industrial Washing Machine Co., 1 Cir., 1950, 182 F.2d 139; Littleton v. Kincaid, 4 Cir., 1949, 179 F.2d 848, 27 A.L.R.2d 572; Eddy v. Prudence Bonds Corp., 2 Cir., 1947, 165 F.2d 157; In re Chicago R. I. & P. Ry. Co., 7 Cir., 1946, 155 F. 2d 889.

in Beecher v. Leavenworth State Bank, 9 Cir., 192 F.2d 10, 14, limiting the allowance of interest after the petition in bankruptcy is filed as follows:

"interest is allowed after said date to the extent that the same may be paid from the income of any securities pledged to the creditors as collateral, *or to the extent that the estate is fully solvent after the allowance of exemptions and the payment of the principal amount of all claims.*" [Emphasis supplied.]

This language describes but two of the situations in which post-bankruptcy interest may be allowed: (1) where there has been no sale but income is produced from the security given by the bankrupt to the creditor, say, by interest on bonds, dividends on stock, or rental on mortgaged realty; (2) where the estate turns out to be fully solvent. A third situation is where as here the estate is insolvent but the proceeds of the sale of the mortgaged properties are sufficient to pay post-bankruptcy interest to the secured creditor.

In the Beecher case the district court ordered the allowance of interest from both income from the security before foreclosure and from the proceeds of the foreclosure sale. On the appeal the opinion of the writer modified this holding by the above stated limitation. It justified that limitation by stating that our prior decision in United States v. Sampsell, 153 F.2d 731, allowing post-bankruptcy interest from the proceeds of the sale of mortgaged property had been overruled by the Supreme Court in Vanston Bondholders Protective Committee v. Green, 1946, 329 U.S. 156, 67 S.Ct. 237, 91 L.Ed. 162. The writer's erroneous opinion led astray the district court in the instant case, for a study of the text of the Vanston opinion makes it clear that it did not overrule the principles established in Louisville Joint Stock Land Bank v. Radford, supra.

The appellant is entitled to its interest on the bankrupt's debts as well as their principal. The judgment is reversed.

