In the Matter of Frank R. YOUNG, Jr. and Lorenz L. Boll, Co-partners trading under the name of Major Roofing Company.

No. 8828.

United States District Court W. D. Wisconsin.

Jan. 25, 1959.

W. H. Putnam, Madison, Wis., Atty., Enforcements Division Industrial Comm. of Wisconsin, for Industrial Comm.

George E. Rapp, U. S. Atty., John C. Fritschler, Jr., Asst. U. S. Atty., Madison, Wis., for petitioner.

STONE, District Judge.

The above entitled matter having come on to be heard on the 25th day of February, 1959, pursuant to the government's Petition For Review Of Referee's Order, briefs having been filed herein by the Industrial Commission of Wisconsin and the United States of America, oral argument having been had, and the Court being fully advised in the premises, now makes findings of fact, conclusions of law, and order as follows:

Findings of Fact

I.

That the Industrial Commission of Wisconsin on July 31, 1957 filed a priority claim in this bankruptcy for delinquent unemployment compensation taxes

for the first and second quarters of 1957 in the sum of One Hundred Ninety-nine and 90/100 ($199.90) Dollars.

## II.

That the United States of America on December 11, 1957 filed its original priority claim for unpaid payroll taxes for 1956 and 1957; on February 26, 1958 that creditor filed an amended claim for such taxes in the sum of One Thousand Three Hundred Thirty-seven and 91/100 ($1,337.91) Dollars.

## III.

That the government's claims alleged that a portion of the claim due under the Federal Insurance Contributions Act was secured by a "lien" represented by a Notice of Tax Lien filed with the Register of Deeds on December 28, 1956 (District Director's Lien Number 23418; M-481) with said Notice reciting September 7, 1956 as the date of assessment and the date on which notice and demand were given to the bankrupt(s).

## IV.

That the government's claims requested the payment of interest at 6% per annum on Eight Hundred Eighteen and 67/100 ($818.67) Dollars from the date of the filing of the petition in bankruptcy, i.e., May 17, 1957, "to date of payment and/or termination of proceedings."

## V.

That at the present time all allowed expenses of administration have been fully paid and there is currently available for distribution to tax creditors the sum of One Thousand Four Hundred Seventy-six and 60/100 ($1,476.60) Dollars.

### Conclusions of Law

## I.

The United States of America is the holder of a perfected statutory tax lien as to a portion of its tax claim.

## II.

The statutory lien in favor of the United States is postponed in payment to both the expenses of administration and wage claims pursuant to the express provisions of Section 67, sub. c of the Federal Bankruptcy Act, 11 U.S.C.A. § 107, sub. c.

## III.

Post-bankruptcy interest does not accrue on any tax claim, whether liened or unliened.

## IV.

The Industrial Commission of Wisconsin is the holder of a priority claim for unpaid unemployment compensation taxes in the sum of One Hundred Ninety-nine and 90/100 ($199.90) Dollars.

## V.

The United States of America is the holder of a priority claim for unpaid payroll taxes in the sum of One Thousand Three Hundred Thirty-seven and 91/100 ($1,337.91) Dollars.

### Order

It Is Ordered that the January 23, 1959 Order of the Referee be, and the same hereby is, affirmed in all respects, and this Court adopts as its own the Decision, Findings of Fact, Conclusions of Law, and Order of the Referee, referred to in the Petition herein.

Referee's Decision On Objections By The Industrial Commission of Wisconsin To Tax Claim of The United States Supported By Statutory Tax Lien In So Far As It Includes Interest After Bankruptcy Is Filed And Until Tax Is Paid.

### Bankruptcy

Frank R. Young, Jr., and Lorenz L. Boll, co-partners trading as Major Roofing Company, filed voluntary petitions in bankruptcy on *May 17, 1957*.

### Disposition of Assets

The Frank R. Young, Jr., and the Lorenz L. Boll, individual cases, were closed as "no asset" affairs.

In the Major Roofing Company, the partnership case, a trustee was appointed and all assets of the partnership consisting entirely of personalty, were sold by him pursuant to court order.

## Funds Remaining For Tax Claims

After priorities (costs of administration—See Sec. 67, sub. c Bankruptcy Act, 11 U.S.C.A. § 107, sub. c) were paid by the court, there remains in the hands of the trustee for all tax claimants the sum of $1476.60.

## Tax Claims Filed

But two tax claims were filed herein, and these are as follows:

1. The United States in the amount of $1337.91 "together with additional interest due at 6% per annum on $818.67 from 5/17/57 (date of filing of bankruptcy petitions) to date of payment and/or termination of proceedings".

2. Industrial Commission of Wisconsin $199.90.

(The interest claimed by the United States on $818.67 is for a period *now* estimated by the Referee at about 1½ years at 6% or $73.68, making the government's total claim with post-bankruptcy interest demanded about $1410.-59).

## Statutory Tax Lien

The Referee finds for the purposes of this case, and the finding is not in issue, that the United States has a perfected statutory tax lien in the amount of $818.-67, under and pursuant to 26 U.S.C.A. (I.R.C.1954) Sections 6321 and 6322, perfected prior to bankruptcy.

## Estate Insolvent

No dividend was declared in this case to general creditors.

There were insufficient funds remaining, after costs of administration, to fully pay tax claims with interest even to the date of bankruptcy.

## Objection

The Industrial Commission of Wisconsin, a tax claimant herein, whose interests will be adversely affected by the allowance of post-bankruptcy interest on the United States claim, has timely objected to the United States claim for *post-bankruptcy interest.*

## Contentions

The United States, while conceding that post-bankruptcy interest is not recoverable on ordinary tax claims, contends that the perfection of its statutory tax lien prior to bankruptcy renders it a secured creditor, and, as such, entitled to interest on its liened claim until such time as the claim is paid, that is, the claim is for post-bankruptcy interest on the liened claim.

The Industrial Commission concedes that in the case of some types of secured claims, for example, by mortgagees in a mortgage on real property where there is sufficiency of funds for the purpose, post-bankruptcy interest is collectible, but contends that the perfected tax lien is not the type or form of secured claim that has this privilege, and contends, further, that post-bankruptcy interest is not allowable on any form of tax claim, the ordinary type or one wherein the claim is supported, augmented or secured by a statutory tax lien.

## No Express Provision For Post-Bankruptcy Interest On Tax Claims.

It is conceded that there is no express statutory provision for post-bankruptcy interest in the case of (a) unliened tax claims or (b) in the case of liened tax claims.

## Question Before The Court

Clearly there is but one question before the Referee and that is: Under the Bankruptcy Act, or other applicable law, is the United States which has a statutory tax lien pursuant to Section 6321 and 6322, Federal Statutes, above mentioned, on personal property sold by the trustee in bankruptcy, entitled on the facts herein, to post-bankruptcy interest on its liened claim, that is, interest after the petition in the bankruptcy case was filed and until the tax claim is actually paid?

## Factual Bases For Question— Findings of Fact

The factual bases, all of them, for this question, including those above enumerated, are not in issue, and constitute findings of fact by the Referee.

### Referee's Conclusion of Law And Decision

The Referee, on the record, and the law congressionally enacted and judicially declared, is constrained to render as a conclusion of law a negative answer to our question, and bases the answer on three premises, as follows:

First, that under the doctrine declared and established by our Supreme Court in 1949 in the City of New York v. Saper, 336 U.S. 328, 69 S.Ct. 554, 93 L.Ed. 710, interest on tax claims, against a bankrupt, *all tax claims, unliened or liened,* in the absence of statutory provision to the contrary, and there is no such statutory provision, terminates at the time of filing the bankruptcy petition, and that Congress and not the courts can now repudiate this general principle.

Second, that the statutory provisions above referred to for Federal tax liens do not change or alter the law with respect to the matter of the termination of interest on tax claims in a bankrupt estate as laid down in the decisive Saper case, supra, *there being no express provision in said tax lien statutes for post-bankruptcy interest.*

Third, that under the policy trend, legislative and judicial, for the last two or three decades, as a matter of fact, since 1898, tax claims have lost much of the legislative and judicial favor originally enjoyed, Collier 14th Ed. Vol. 3, p. 1841, and that this modern trend of policy is wholly inconsistent with the claim of the United States for post-bankruptcy interest in this case.

### First Premise—The Saper Case, Supra, Controls

It is understood that the tax claim involved in the decisive Saper case, supra, (a) was in behalf of the City of New York, not the United States, and (b) that it was not a *liened* tax claim.

At the same time it must be understood that the City of New York is a taxing unit, just as surely as is the United States, and, too, that the city's was a tax claim.

The doctrine of the decisive Saper case, supra, clearly is that in the *absence of statutory provision to the contrary,* interest on tax claims terminates at the time the petition in bankruptcy is filed, and that this is a "fundamental principle" of and *"Implicit" in our Bankruptcy Act.*

*The Supreme Court there found that there was no statutory provision for post-bankruptcy interest.*

At pages 329 et seq. of 336 U.S., at page 554 of 69 S.Ct., Mr. Justice Jackson writing for the court declared:

"The ultimate issue in these three cases is whether tax claims against a bankrupt bear interest until the date of bankruptcy as held by the court below [2 Cir., 168 F.2d 268], or until payment, as previously held by another Court of Appeals. We granted certiorari to resolve the conflict, the matter being of considerable practical importance in the administration of the Bankruptcy Act.

"If the question were one of first impression to be decided in the light of the present statute alone, we should have no difficulty in affirming the court below*. More than forty years ago Mr. Justice Holmes wrote for this Court that the rule stopping interest at bankruptcy had then been followed for more than a century and a half. He said the rule was not a matter of legislative command or statutory construction but, rather, a fundamental principle of the English bankruptcy system which we copied. Sexton v. Dreyfus, 219 U.S. 339, 344, 31 S.Ct. 256, 257, 55 L.Ed. 244, [245] [25 Am.Bankr. 363]. *Our present statute* contains no provision expressly repudiating that principle or allowing an exception in favor of tax claims. Every logical implication from relevant provisions is to the

---

* The court below denied post-bankruptcy interest.

contrary. Section 63, sub. a(1), 11 U.S.C.A. § 103, sub. a(1), allows interest on judgments and written instruments only to date of bankruptcy. Section 63, sub. a(5), 11 U.S.C.A. § 103, sub. a(5), allows interest only to that date on debts reduced to judgment after bankruptcy. No provision permits post-bankruptcy interest on other claims in general or tax claims in particular. Section 57, sub. j [Bankr.Act] 11 U.S.C.A. § 93 sub. j * * *.

"The long-standing rule against post-bankruptcy interest thus appears *implicit* in our current Bankruptcy Act. To read into such a statute an exception to that rule would be unwarranted and, as an original proposition, we should decline to do so * * *." Italics supplied, 336 U.S. 332, 69 S.Ct. 556.

This decisive Saper case was decided in 1949, almost 10 years ago. It transmitted to the Congress notice that if the termination date for interest on United States or other tax claims was to be other than the date of filing of the petition in bankruptcy, *it is or was the function of Congress, and not of the Courts, to make the change. It is significant, really significant, that the Congress, despite such notice, has remained entirely silent in the premises over this entire period.*

And the Court adjudged, also, that a statutory provision for post-bankruptcy interest on tax claims must be more than a mere vague provision by the Congress.

More specifically, the court at page 340 of 336 U.S., at page 560 of 69 S.Ct. says that the statutory provision must be more than a mere abortive legislative attempt to clarify the Bankruptcy Act, such as the Chandler Act Amendments in 1938, designed as the court says, to clarify.

Rarely does one find a more intensive judicial analysis than is presented in this Saper case, and can be fully understood only by a careful reading of the justifiable lengthy decision, and clearly the resulting declared doctrine is, that

(a) Tax claims, unliened and liened, *are tax claims.*

(b) It is a "fundamental principle" of our bankruptcy system, and "implicit" in the system, that in the absence of statutory provision to the contrary, interest on tax claims terminates at the time the bankruptcy petition is filed, and

(c) Only Congress can now "repudiate" this "fundamental principle" "implicit" in our system of bankruptcy.

Note the stated doctrine:

This long standing rule against post-bankruptcy interest thus appears implicit in our current Bankruptcy Act. To read into such statute an exception to that rule would be unwarranted and, as an original proposition, we should decline to do so. 336 U.S. at page 332, 69 S.Ct. at page 556.

The foregoing, together with the fact that there is no express repudiating statutory provision, and in view of the Congressional acquiescence, the Referee concludes makes mandatory the negative answer to our question.

### Why Second Premise

The Referee holds that First Premise, as outlined above, and the law declared by the decisive Saper case, and the acquiescence of Congress, fully requires the negative answer by the Referee herein, and disposes of all contra contentions.

However, the United States earnestly contends that the tax lien statute, above mentioned, and the perfection of its tax lien, give it the status of a secured creditor, and the privilege of post-bankruptcy interest, and cites *case* law to support its contention.

Hence an elaboration of Referee's Second Premise above.

### Second Premise

(A) The Federal Tax Lien Statute contains no provision for post-bankruptcy interest on liened tax claims.

(B) A liened tax claim is not such a secured claim as bears post-bankruptcy interest, especially where there is no sufficiency of funds to pay all taxes.

(A) The tax lien statutes 26 U.S.C.A. §§ 6321 and 6322, so far as the tax lien statute is pertinent thereto, reads as follows:

6321. "If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."

6322. *"Period of lien.* Unless another date is specifically fixed by law, the lien imposed by section 6321 shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed is satisfied or becomes unenforceable by reason of lapse of time."

Note that the only provision with respect to interest in that statute is that the lien is on all property for the amount of the tax "including any interest". This can mean only interest according to law, that is, to the date of filing the petition in bankruptcy.

It is informative to here note the language of Mr. Justice Jackson in the Saper case, supra, with respect to interest on tax claims. After stating the rule that interest on tax claims terminates at the time of filing the petition in bankruptcy, and after quoting Mr. Justice Holmes to that effect, and with respect to the holding by Mr. Justice Holmes, and commenting on it, it is said: "He (Mr. Justice Holmes) said the rule was not a matter of legislative command or statutory construction but, rather, a fundamental principle of the English bankruptcy system which we copied". Citing Sexton v. Dreyfus, 219 U.S. 339, 344, 31 S.Ct. 256, 55 L.Ed. 244, 245, 25 Am. Bankr. 363.

Mr. Justice Jackson, then at pages 330–331 of 336 U.S., at page 556 of 69 S.Ct., continued as follows:

"Our present statute contains no provision expressly repudiating that principle or allowing an exception in favor of tax claims. Every logical implication from relevant provisions is to the contrary. Section 63, sub. a(1), 11 U.S.C.A. § 103, sub. a(1), allows interest on judgments and written instruments only to date of bankruptcy. Section 63, sub. a(5), 11 U.S.C.A. § 103, sub. a(5), interest only to that date on debts reduced to judgment after bankruptcy. No provision permits post-bankruptcy interest on other claims in general or tax claims in particular. Section 57, sub. j, 11 U.S.C.A. § 93, sub. j forbidding allowance of governmental penalties or forfeitures permits allowance of losses sustained by the acts penalized, with actual costs and 'such interest as may have accrued thereon according to law.' However, on its face this appears to delimit even such allowable debts as of the date of bankruptcy and to allow no more interest than does § 63 with respect to the claims there specified. Moreover, there is no interest except that which accrues according to law—it is exactly such interest that the 'fundamental principle' cuts off as of bankruptcy. Section 57, sub. n, 11 U.S.C.A. § 93, sub. n, requires governmental claims to be proved in the same manner and within the same time as other debts and only for cause shown may a reasonable extension be granted. Tax claims are treated the same as other debts except for the fourth priority of payment, § 64, sub. a, 11 U.S.C.A. § 104, sub. a, and the provision making taxes non-dischargeable, § 17, 11 U.S.C.A. § 35. But each of these sections is silent as to interest."

Note that Section 63, sub. a(1), Bankruptcy Act, allows interest on judgments and written instruments only to date of bankruptcy, and that *Section 63, sub. a (5), Bankruptcy Act* allows interest only

to that date on debts reduced to judgment after bankruptcy.

It is important to note in the doctrine declared by the Court in the Saper case, supra, that much of the quote has to do with *secured claims*. For instance, a judgment properly docketed and processed places the judgment creditor in a secured status, in other words, renders him a secured creditor; *and the Bankruptcy Act, Sec. 63, sub. a(1), expressly denies such a secured creditor post-bankruptcy interest.* Note the statement of the Court that "No provision permits post-bankruptcy interest on other claims in general or tax claims in particular". 336 U.S. at page 331, 69 S.Ct. at page 556.

Then note, at page 331 of 336 U.S., at page 556 of 69 S.Ct., the Court's reference to 57, sub. j of the Bankruptcy Act which forbids allowance of government penalties or forfeitures, but which permits allowance of losses sustained by the accounts penalized, with actual costs and "such interest as may have accrued thereon according to law". Then, note the Courts observation as follows, 336 U.S. at page 331, 69 S.Ct. at page 556:

"However, on its face this appears to delimit even such allowable debts to the date of bankruptcy and to allow no more interest than does § 63 with respect to the claims there specified. Moreover, there is no interest except that which accrues according to law [which] it is actually such interest that the 'fundamental principle' cuts off as of bankruptcy."

Again, the Court observed that tax claims are treated the same as other debts, except for the fourth priority and the provision making taxes non-dischargeable, and the Court declares at page 332 of 336 U.S., at page 556 of 69 S.Ct. "But each of these sections is silent as to interest".

Lastly, it is important to note, that when Congress enacted the tax lien statute, and this was subsequent to the decision in the Saper case, Congress did not see fit to include an express provision for post-bankruptcy interest on tax claims liened thereunder.

Exceptions To General Rule

Objector admits, and the Referee concedes, that some cases hold that some secured claims, mostly those resulting from contract, *where there is a sufficiency of funds for principal and interest,* bear interest till paid. For example, it is generally held that a mortgagee of real property, funds from the sale of the property being sufficient therefor, is entitled to interest until principal is paid.

Collier on Bankruptcy, 14th ed. p. 1839–1840, enumerates the exceptions declared by case law to the general rule that interest terminates at the date of bankruptcy, as follows:

"(1) The case of camparatively broadest application, because affecting all creditors alike, is that of sufficiency of assets. Interest then is payable as in any case of a solvent debtor, at the rate contracted for, up to the day of payment."

Bankrupt here was insolvent. Trustee can't pay all taxes.

"(2) As mentioned before, secured creditors are not less affected by the cessation of interest after the filing date than unsecured creditors. Yet in some respects they enjoy through their security a privileged position. A secured creditor whose security was insufficient to cover both capital and interest may not increase his deficiency claim by applying the proceeds first against interest accrued after the filing date. To that extent his rights are similar to those of an unsecured creditor. But if the collateral was of an interest-bearing kind and yielded interest or dividends in the interval between the filing date and the sale, this interest may be applied to the payment of interest on the debt accruing after the filing date. Likewise, mortgagees have almost uniformly been held entitled to interest beyond the filing date, ordinarily up

to the date of sale, where the proceeds of the mortgaged property sold by the trustee were sufficient to pay principal and interest."

The United States contends that its claim falls within this secured category.

(3) After stating that interest on tax claims has generally been allowed up to date of payment, and giving the reason therefor, it is stated:

"But tax claims have, since 1898, lost much of the legislative favor they originally enjoyed. In 1926 they were relegated to the sixth rank, and in 1938 to the fourth rank of priority. Nevertheless, the judicial practice on allowance of interest failed to adapt itself to this legislative "degradation.". Interest continued to be allowed until date of payment.

It seems, however, that the Act of 1938 should offer sufficient justification for assimilating the treatment of tax claims to that of other claims. That former Sec. 64 [sub.] a singling out tax claims as claims sui generis has not been deleted may perhaps in itself not warrant the abandonment of a practice that was not deviated from when the "super-priority" granted by the Act of 1938 went one step further. It deprived tax claims of their former immunity from destruction through failure to observe the statutory period of proof as provided in Sec. 57 [sub.] n. Tax claims are now to be proved in the manner and time prescribed for other claims. Unless it is felt that their continued exception from dischargeability has any bearing on the question, this deliberate and fundamental change in conjunction with the elimination of former Sec. 64 [sub.] a would seem clearly to indicate that Congress is inclined to liken tax claims to other claims and subject them to the same rules. As to interest, this would entail the stopping of interest from the date of bankruptcy to the extent and with the qualifications discussed previously."

Insufficiency of Funds For Tax Claims

The essential to the exception, exception number 2, stated by Collier as above noted, and under which the United States claims the privilege of post-bankruptcy interest, is sufficiency of funds wherewith to pay both (a) principal and (b) post-bankruptcy interest. Even a mortgagee of real property is entitled to the privilege only if the sale of the mortgaged premises brings sufficient by way of proceeds to pay both the principal and interest up to the time of payment.

In our case, on the record, the tax claim filed by the United States for principal is $1,337.91 with interest to the date of filing of the petition in bankruptcy and the tax claim filed by the Wisconsin Industrial Commission is for $199.90, or a total for the two claims of $1,537.81, whereas the funds in the hands of the trustee for taxes is only $1,476.60.

The Referee has in mind that under established law funds available for taxes, unless sufficient to pay in full, and unless priority is established by tax lien, must be pro-rated among the tax claimants. The tax claim filed by the United States is rather vague. It makes the principal of the tax due, as above stated, $1,337.-91. The amount of the State tax is admitted to be $199.90.

Clearly the amount of moneys available for tax claimants is insufficient to pay them in full, even though post-bankruptcy interest is not included. It would seem clear, and, on the record, it does seem so to the Referee, that the absence here of the sufficiency of funds for the payment of taxes in full, leaving out the claim for post-bankruptcy interest, is fatal to the claim of the United States for post-bankruptcy interest.

The Referee is convinced that the statutory tax lien provisions are designed to aid in the collection of taxes, and that a perfected tax lien gives the taxing unit no more rights or privileges than is accorded judgment creditors by Sec. 63, sub. a(1) and (5) of the Bankruptcy

Act, and this conclusion seems inevitable especially in view of the failure of Congress to repudiate this "general principle" of and "implicit" in our system of bankruptcy to the effect that interest terminates at the time of bankruptcy.

While it must be conceded that there are exceptions to this "general principle", that the exception is based upon facts wholly different than we have in the case at bar. The mortgagee of mortgaged real property contracted for payment of principal and interest and obtained a consensual lien against the realty. It is fundamental that a discharge in bankruptcy does not detrimentally affect a valid mortgage lien. Hence the rule in such case.

We have no such situation in our case.

Cases contra to the "general principle" are contra to the doctrine stated in City of New York v. Saper and are not the law of our case.

### Case Law Cited Herein

Decisions by lower courts are cited by the United States wherein the claim for post-bankruptcy interest, even on liened tax claims, is granted. Objector cites contra lower court decisions. Some of these decisions state reasons for their holdings. Many of them merely base their decisions on authorities other than the Saper case. Some attempt to distinguish the Saper case, *but the fact is that the Saper case treats the question of interest on tax claims in a fundamental manner, and after complete analysis of our Bankruptcy Act lays down the "fundamental principle" of and "implicit" in our Bankruptcy System, clearly that interest on tax claims terminates at the time of the filing of the petition in bankruptcy. And the Court in this decisive Saper case declares specifically that only Congress at this time can repudiate the doctrine of that case.* All of these cases have been read and analyzed. The Referee knows of the conflict and has firmly concluded that the law is sharply against the contention for post-bankruptcy interest, under the facts of our case. These citations, pro and con, ap-

pear in briefs by counsel and may be consulted. To present an analysis of each of these would unnecessarily and unprofitably prolong this already too lengthy decision.

Any attempt to reconcile the conflicting decisions by lower courts would bring no beneficial results. The aim of the Referee in this decision is to ascertain the established law with respect to post-bankruptcy interest on tax claims and then to conclude that those decisions which are contra to the established law are not the law of our case and that only those cases that are in conformity with the established law declare the law applicable to our case.

### Third Premise

The policy trend, legislative and judicial, with respect to tax claims, since 1898, bears sharply and controllingly on our question, and contributed materially to the decision in the Saper case.

This trend clearly indicates a policy to place tax claims on the same basis as other claims, except as to priority and non-dischargeability, all of which is set forth in the decisive Saper case. See the following:

First, up to the time Sec. 57, sub. n Bankr.Act was amended in 1926 and again in 1938, tax claimants were not required to file tax claims, and for a long period of time, tax claims were the first to be paid, but then by amendment of Sec. 64 of the Bankruptcy Act, the priority section, taxes were given fourth priority, then for a while sixth priority, and then back to fourth priority. The trustee failed at his peril to protect taxing units. By this amendment these tax claimants must now file within 6 months after the first meeting of creditors, just as any other creditor, except that a tax unit may, for cause, and upon application filed within the six months period, get an extension of time for filing.

Second, for a period in excess of fifty years lower courts allowed post-bankruptcy interest on unliened tax claims. In 1949 the Saper case, despite the long time practice, laid down the rule, or de-

clared the law to be, that even in the case of tax claims interest terminates at the time of bankruptcy, saying that this is a "fundamental principle" of and "implicit" in our system of bankruptcy, that can be repudiated only by Congress.

Third, that Congress in the ten year period, since the Saper case decision was handed down, has declined or failed to "repudiate" the "fundamental principle" of and "implicit" in our bankruptcy system.

Fourth, Congress in 1954 enacted the statutory tax lien provisions, and despite the law declared in the Saper case elected to include no *Express* provision for post-bankruptcy interest.

Fifth, The Supreme Court in United States v. General Engineering & Mfg. Co., 1951, 342 U.S. 912, 72 S.Ct. 358, 96 L.Ed. 682 and United States v. Edens, 342 U.S. 912, 72 S.Ct. 357, 96 L.Ed. 682, applied the doctrine of the Saper case to arrangement proceedings.

Sixth, Congress, by the enactment of Sec. 67, sub. c of the Bankruptcy Act, subordinates a statutory tax lien against personalty to costs of administration and wage claims.

The law, as declared in the Saper case, terminates interest on tax claims, un-liened or liened, as of the date of bankruptcy, and the court characterizes this law as a "fundamental principle" of and "implicit" in our system of bankruptcy, and then declares that Congress only may repudiate the principle. Congress has not repudiated.

This law controls in our case.

Decisions, and there are several, that allow post-bankruptcy interest on tax claims, unliened or liened, are contrary to established law.

Accordingly, and upon the foregoing findings of fact and conclusions of law,

### Order

It Is Ordered, that so much of the claim of the United States as is for post-bankruptcy interest, that is, interest subsequent to the filing of the petition in bankruptcy, is disallowed.