**UNITED STATES of America,
Appellant,**

v.

**Irving I. BASS, Trustee in Bankruptcy of
the Estate of Leland Cameron,
Bankrupt, Appellee.**

No. 16348.

United States Court of Appeals
Ninth Circuit.

Oct. 19, 1959.

Charles K. Rice, Asst. Atty. Gen., Karl Schmeidler, Lee A. Jackson, I. Henry Kutz, Attorneys, Department of Justice, Washington, D. C., Laughlin E. Waters, U. S. Atty., Edward R. McHale, Asst. U. S. Atty., Los Angeles, Cal., for appellant.

Quittner, Stutman & Treister, Los Angeles, Cal., for appellee.

Before HAMLIN and JERTBERG, Circuit Judges, and LINDBERG, District Judge.

HAMLIN, Circuit Judge.

On November 14, 1955, a petition in bankruptcy was filed against Leland

Cameron, doing business as Allied Aircraft Company. Prior thereto, on August 31, 1955, the District Director of Internal Revenue had assessed unpaid withholding and F.I.C.A. taxes against the bankrupt, and notice of the assessment, with demand for payment, was made on September 8, 1955.

By July 9, 1958, the trustee had paid the entire principal amount owing on the tax lien, together with interest accruing to the date of bankruptcy.

In addition to these amounts, the United States claimed interest from the date of bankruptcy to the date of payment of the principal amount of the claim. The referee allowed the interest over the objection of the trustee, who petitioned the District Court for review. The District Court reversed the referee's order to the extent the referee had allowed interest after the date of bankruptcy on the tax lien claim. The Government appeals.[1]

The only question on this appeal is whether the United States is entitled to post-bankruptcy interest on a tax claim supported by a lien prior to the filing of the petition in bankruptcy.

■ The general rule holds that interest does not accrue after the petition is filed. This rule is a "fundamental principle" derived from the bankruptcy theory that "everything stops at a certain date." Sexton v. Dreyfus, 1911, 219 U.S. 339, 344, 31 S.Ct. 256, 257, 55 L.Ed. 244; City of New York v. Saper, 1949, 336 U.S. 328, 330, 69 S.Ct. 554, 93 L.Ed. 710. "The delay in distribution is the act of the law; it is a necessary incident to the settlement of the estate." Thomas v. Western Car Co., 1893, 149 U.S. 95, 116, 13 S.Ct. 824, 833, 37 L.Ed. 663; see American Iron and Steel Mfg. Co. v. Seaboard Air Line Railway Co., 1914, 233 U.S. 261, 266, 34 S.Ct. 502, 58 L.Ed. 949; 3 Collier on Bankruptcy (14th Ed.) § 63.16.

■ In seeking a fair and equitable distribution of a bankrupt's assets, courts have recognized exceptions to the general rule and have allowed interest where (1) the alleged bankrupt proves solvent, Beecher v. Leavenworth State Bank, 9 Cir., 1951, 192 F.2d 10; Littleton v. Kincaid, 4 Cir., 1950, 179 F.2d 848, 27 A.L.R.2d 572, (2) the security held by the creditor as collateral produces income after filing of the petition, Beecher v. Leavenworth State Bank, supra, and (3) the security is sufficient to pay interest as well as the principal of the claim. In re Macomb Trailer Coach, 6 Cir., 1953, 200 F.2d 611, 613.

Although at least one circuit entertains doubt with respect to recognition of the third exception,[2] it has been accorded general acceptance and, until Congress or the Supreme Court declares

---

1. The opinion of the District Court is reported as In re Cameron, D.C.S.D.Cal. 1958, 166 F.Supp. 400. The District Director's claim also included taxes unsupported by lien. Post-bankruptcy interest is not claimed on these amounts. City of New York v. Saper, 1949, 336 U.S. 328, 69 S.Ct. 554, 93 L.Ed. 710.

2. In United States v. Harrington, 4 Cir., 1959, 269 F.2d 719, at page 722, it is said:

"In appraising the Government's assertion of a broad third exception, entitling a secured creditor to post-bankruptcy interest where the value of his security exceeds the principal of his claim plus interest to the date of payment, irrespective of the security's income producing quality, it is appropriate to note that the grounds for the two recognized exceptions will not support such additional exception. The justification for the first two exceptions, i. e., that the shares distributable to the remaining creditors are not diminished by allowing post-bankruptcy interest, certainly does not exist in the case of the third exception proposed by the Government. If interest is allowed a secured creditor during the bankruptcy proceeding, even though the security is sufficient, payment must come from assets which would normally go to the remaining creditors. Delay in the termination of the bankruptcy proceedings would diminish the shares of general creditors through no fault of theirs."

otherwise,[3] is the rule in this circuit. Palo Alto Mutual Savings and Loan Ass'n v. Williams, 9 Cir., 1957, 245 F.2d 77; Jefferson Standard Life Ins. Co. v. United States, 9 Cir., 1957, 247 F.2d 777; see cases collected in United States v. Harrington, 4 Cir., 1959, 269 F.2d 719, note 7.

Relying on this exception, the Government urges that, as a secured creditor by virtue of its tax lien,[4] it should be allowed post-bankruptcy interest just as any other secured creditor. However, we agree with a majority of the courts to which the question here has been presented that this contention should be rejected. United States v. Harrington, 4 Cir., 1959, 269 F.2d 719; In re Industrial Machine & Supply Co., D.C.W.D.Pa. 1953, 112 F.Supp. 261; In re Lykens Hosiery Mills, D.C.S.D.N.Y.1956, 141 F.Supp. 895; In re Young, D.C.W.D. Wis.1959, 171 F.Supp. 317; contra: In re Parchem, D.C.Minn.1958, 166 F.Supp. 724.

The principal reason usually assigned for not including liened tax claims within the third exception allowing post-bankruptcy interest to secured creditors is that, as said in United States v. Harrington, supra:

"* * * when the creditor extended credit, he relied upon the particular security given as collateral to secure both the principal of the debt and interest until payment and, if the collateral is sufficient to pay him, the contract between the parties ought not be abrogated by bankruptcy. This rationale has no application to tax liens."

The Government submits that the asserted distinction between contractual and statutory liens is without merit and does not support disallowance of post-bankruptcy interest on a liened tax claim. First it is argued that a tax lien is on a par with other secured claims and has a status equal to that of contractual liens. United States v. City of New Britain, 1954, 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520; Goggin v. California Labor Division, 1948, 336 U.S. 118, 69 S.Ct. 469, 93 L.Ed. 543; Glass City Bank of Jeanette, Pa. v. United States, 1945, 326 U.S. 265, 66 S.Ct. 108, 90 L.Ed. 56. As a corollary thereto it is asserted there is no warrant for distinguishing between statutory and contractual liens on the ground the former are "general" or "floating" liens on all property, whereas contractual liens are "specific" as attaching to designated property, for the reason that a tax lien has been held to be both general and specific. United States v. City of New Britain, 1954, 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520; United States v. City of Greenville, 4 Cir., 1941, 118 F.2d 963.

We think these and similar considerations advanced by the Government are overborne by what we regard as a meaningful distinction, so far as the question here is concerned, between statutory and contractual liens.[5]

---

3. There may be some doubt whether the Supreme Court recognizes the third exception. City of New York v. Saper, 336 U.S. 328, 330, note 7, 69 S.Ct. 554, 93 L. Ed. 710; United States v. Harrington, 4 Cir., 1959, 269 F.2d 719, note 6; but see Vanston Bondholders Protective Committee v. Green, 1946, 329 U.S. 156, 159, 67 S.Ct. 237, 91 L.Ed. 162.

4. Section 6321 of the Internal Revenue Code (26 U.S.C.A. § 6321) provides:
"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any cost that may accrue in addition there-

to) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."
The obligation to pay interest on the taxes involved here is imposed by 26 U.S. C.A. § 6601.

5. It might be pointed out that while a statutory federal tax lien may be upon all property of the bankrupt, yet under Section 67, sub. c, (1), 11 U.S.C.A. § 107, sub. c, (1), it is subordinated to the payment of (1) expenses of administration and (2) priority wage claims, unless the tax collector has taken possession of the property before bankruptcy.

The precise question is not simply the nature of the lien; rather, it is the proper scope of the exception under which post-bankruptcy interest has been allowed on some, but not all, claims secured by lien. Thus we do not regard the above authorities, which are primarily concerned with relative *priority* of liened federal tax claims as against other claims, as conclusive in assessing the nature and scope of the third exception to the general rule.

The Government seeks to limit the holding of City of New York v. Saper, 1949, 336 U.S. 328, 69 S.Ct. 554, 93 L.Ed. 710, which denied post-bankruptcy interest to unliened tax claims, and argues there is no basis to equate liened and unliened claims with respect to disallowance of post-bankruptcy interest.

Although in Saper the tax claims were not secured by lien, we agree the broad language of the opinion "appears to deny post-bankruptcy interest on *all* tax claims. * * *" United States v. Harrington, supra, 269 F.2d at page 721.

■ The third exception has been recognized by this court only to the extent of allowing post-bankruptcy interest to creditors who are deemed to have bargained for collateral to secure not only the principal obligation, but the interest thereon as well. In view of the fundamental principle which normally denies post-bankruptcy interest, as discussed in City of New York v. Saper, supra, we do not think extension of this exception is justified.

Collection of the public revenue is a favored object, but we think today it is no more favored than that of protecting remaining creditors from the law's delay to the extent of denying post-bankruptcy interest on tax claims, liened or not.

The judgment of the District Court disallowing post-bankruptcy interest is affirmed.